## ASAHEL BALCOM *vs.* JOHN W. HAYNES & others.

A testator by one clause of his will gave a pecuniary legacy " to the heirs of my sister F."
By another clause he gave the residue of his estate " to my brothers A., B., and C., and
my sisters D. and E., and the heirs of F., to be divided in equal shares between them."
*Held,* that the heirs of F. were entitled collectively to one sixth of the residue.

BILL IN EQUITY by the administrator *de bonis non,* with the will annexed, of the estate of Asahel Haynes, seeking instructions as to the proper mode of distributing the estate. The only material clauses of the will were the third and sixth, which were as follows:

" Thirdly, I give and bequeath to the heirs of my sister, Lydia Walkup, seven hundred dollars.

" Sixthly, I give and devise to my brothers, John W. Haynes, Amos Haynes and Charles Haynes, and my sisters, Susan Boyd, wife of Stephen Boyd, Ruth Boyd, wife of Warren Boyd, and the heirs of Lydia Walkup, and their heirs respectively, all the rest and residue of my real and personal estate . . . . to be divided in equal shares between them."

There were five heirs of Lydia Walkup, and they each claimed one tenth of the residue; but the other residuary devisees claimed one sixth each.

The case was reserved, by *Wells,* J., for the determination of the whole court.

*T. C. Hurd,* for the heirs of Lydia Walkup, cited *Blackler* v. *Webb,* 2 P. Wms. 383; *Northey* v. *Strange,* 1 P. Wms. 340; *Williams* v. *Yates,* Coop. Pract. Cas. 177; *Butler* v. *Stratton,* 3 Bro. C. C. 367; *Ex parte Leith,* 1 Hill, Ch. (S. C.) 152; *Bunner* v. *Storm,* 1 Sandf. Ch. 357; *Martin* v. *Gould,* 2 Dev. Eq. (N. C.) 305; *Collins* v. *Hoxie,* 9 Paige, 81; *Daggett* v. *Slack,* 8 Met. 450.

*J. P. Converse & E. A. Kelly,* for the other residuary devisees, cited 2 Jarman on Wills, (4th Amer. Ed). 111; *Fissel's Appeal* 27 Penn. State R. 55; *Roome* v. *Counter,* 1 Halst. (N. J.) 111 *Alder* v. *Beall,* 11 Gill & J. 123; *Leland* v. *Adams,* 12 Allen 286.

GRAY, J.   It is well established as a general rule of the construction of wills, that by a gift either to the children of several persons, or to a person described as standing in a certain relation to the testator and the children of another person standing in the same relation, the objects of the gift take *per capita* and not *per stirpes ;* and therefore in the latter case each child of the second person takes a share equal to the share of the first person.   But this, like some other general rules for the construction of wills, has perhaps been adopted and adhered to by the courts rather from the importance of having some rule of interpreting phrases so frequently used by testators, than from any strong and preponderating reason in its favor.   And the authorities fully support the statement of Mr. Jarman that "this mode of construction will yield to a very faint glimpse of a different intention in the context."   2 Jarman on Wills, (4th Amer. ed.) 111, 112, and *notes.*

The will of Asahel Haynes, however, does not in the clause in question, by which he gives the residue of his estate to three of his brothers, two of his sisters, "and the heirs of Lydia Walkup," (who was a deceased sister,) use the word "children," but "heirs," and the difference is material.   The word "children," is ordinarily used as a word of description, limited to persons standing in the same relation, and has the same effect as if all their names had been given.   2 Jarman on Wills, 69. But the word "heirs," in the absence of controlling or explanatory words, includes more remote descendants, and is to be applied *per stirpes.*   *Daggett* v. *Slack,* 8 Met. 450.   *Tillinghast* v. *Cook,* 9 Met. 143.   The addition of the words " to be equally divided between them " might indeed have the effect of giving it to them *per capita* if those words necessarily applied to the heirs *inter sese.*   But such is not this case ; for according to the construction of either of the contending parties the residue is to be divided in equal shares, and the only question is among whom it is to be divided ; and the words " to be equally divided between them " may be satisfied by being applied to the division between the classes, and not to that between the individuals.   *Holbrook* v. *Harrington,* 16 Gray,    .   *Risk's Appeal,* 52 Penn. State R. 269.

We are not left to decide this case upon the words of the sixth clause only ; for in the third clause of the will is another gift "to the heirs of my sister Lydia Walkup," which clearly treats them as a class ; and the reasonable construction is to interpret similar words in the same manner in the residuary clause.

We are therefore of opinion that the children of Lydia Walkup took as a class one sixth only of the residue of the testator's property.                           *Decree accordingly*