MARIA DORADO Y FERRER et al., by Guardian, Appellants, *v.* PERCY H. PYNE et al., Executors, etc., Respondents.

The rule that where a gift is made by will to a person described as standing in a certain relation to the testator, and to the children of

another standing in the same relation, they take *per capita*, not *per stirpes*, is not absolute ; it is to be governed by the context, and will yield " to a very faint glimpse of a different intent."

F., at the time of making his will, had three children living, a daughter, Irene, had died leaving five children ; another deceased daughter, Isabella, left a son. In his will he gave separate legacies to the three living children, and a legacy to " the children of Irene." His residuary estate he directed " to be divided equally between Anita (a daughter), the children of Irene, the son of Isabel, and Henry" (a son). *Held*, that the residuary estate should be distributed *per stirpes*, not *per capita*, the " children of Irene," as a class, together receiving but one share.

(Argued April 27, 1880 ; decided June 1, 1880.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, reversing, in part, a decree of the surrogate of the county of New York, upon the final accounting of the executors of the will of Pedro Ferrer y Landa, deceased. (Reported below, 18 Hun, 411.)

The facts are set forth sufficiently in the opinion.

*W. P. Putney* for appellants. The residuary legatees take *per capita* under the will. (2 Powell on Devises by Jarman, 331; *Lee* v. *Lee*, 39 Barb. 172 ; *Lockhart* v. *Lockhart*, 3 Jones' Eq. [N. C.] 205 ; *Brown* v. *Lyon*, 6 N. Y. 419, 420 ; *Dowding* v. *Smith*, 3 Beav. 541; *Harris* v. *Philpot*, 5 Ired. 321.)

*F. R. Coudert* for respondents. The residuary legatees take *per stirpes* under the will. (*Clark* v. *Lynch*, 46 Barb. 81; *Holbrook* v. *Harrington*, 10 Gray [Mass.] ; *Minter's Appeal*, 40 Penn. 111 ; *Raymond* v. *Hillhouse*, 19 A. L. J. 522 [June 28, 1879] ; Jarman on Wills, 81; *Brett* v. *Horton*, 5 Jur. 696; Roper on Legacies, 159 ; *Lockhart* v. *Lockhart*, 3 Jones' Eq. [N. C.] 205 ; *Bivins* v. *Phifer*, 2 Jones, 436 ; *Lowe* v. *Carter*, 2 Jones' Eq. 377 ; *Gilliam* v. *Underwood*, 3 Jones, 100 ; *Fissel's Appeal*, 3 C. [Penn.] 55 ; *Gring's Appeal*, 7 C. [Penn.] 292 ; *Minter's Appeal*, 4 Wr. [Penn.] 111 ; *Bassett* v. *Granger*, 100 Mass. 349 ; *Spivey* v. *Spivey*, 2 Ired. Eq. 100 ; *Henderson* v. *Womack*, 6 id. 437.)

Danforth, J.   There is a single point in this appeal.   It involves the construction of the will of Pedro Ferrer of Landa, and is presented upon the following facts:

The testator was the father of five children, Irene, Isabella, Ana or Anita (who married Don Candido Ainz), Joseph, and Henry.   Irene married and died, leaving five children; Isabella married and died, leaving one child.   Henry is a physician. The will, among others, contains bequests in these words: " To my dear daughter Anita, wife of Candido Ainz, the sum of $50,000, to be invested in her name in some good security, she having the benefit of the interest thereof, but not the capital; and after her death she can will the amount either to her husband or the children of Irene, and no other."   To the children of Irene, $50,000.   To Henry, the doctor, $25,000.   To Joseph Ferrer, of Preval, for, etc., $5.   After some other directions, follow these words: " If, after realizing all my investments, and paid all my bequests, there shall be a remainder after paying all expenses, commissions, etc., I wish the same to be divided equally between Anita, *the children of Irene,* the son of Isabel, and Henry, the doctor."   The will was admitted to probate, and upon subsequent proceedings before the surrogate, it appeared that there remained in the hands of the executors the sum of $55,108.29, liable to distribution under the residuary clause of the will above cited.   The surrogate held that it should be distributed *per capita,* and not *per stirpes,* that each child of the testator only took a share equal to one of the children of Irene, thus dividing the whole into eight shares, of which each child of Irene should receive one.   The other beneficiaries contending that the distribution should be *per stirpes,* and not *per capita,* and that the children of Irene, as constituting a class, should together receive but one share, appealed to the Supreme Court, where their contention was sustained, and the decree of the surrogate modified accordingly.   The correctness of this decision is the only question upon this appeal.   In Powell on Devises (vol. 2, p. 331), it is said that where a gift is made to a person described as standing in a certain relation to the testator, and to the children of another person standing

in the same relation, as to my brother A., and the children of my brother B., A. only takes a share equal to one of the children of B., and this position is abundantly sustained by the authority of English cases (*Blackler* v. *Webb*, 2 P. Wms. 383; *Dowding* v. *Smith*, 3 Beavan, 541; *Lenden* v. *Blackmore*, 10 Simonds, 626, among others), and to some extent by the courts of this country. Yet if the case stood upon the words of the residuary clause alone, we should find great difficulty in confirming, by the sanction of this court, a construction opposed to the apparent meaning of the language used by the testator, and at variance with the natural disposition of mankind. We find the testator calling to mind his children, their names, their relations to others by marriage, the death of some, and with these incidents before him making a distribution of his estate. The living children are named by him, while the children of the daughters who are dead are spoken of not by name, but " as the son of Isabel," or " the children of Irene," evidently giving to them the place as recipients of his bounty which Isabel or Irene, if living, would have filled. He designates the children of Irene as a class, and not as individuals, remembers them not in their own persons, but as representatives of their parent, and substitutes them in her place. We are unable to discover any intent to bestow upon them any greater or more numerous marks of his affection than their parent would, if living, have received. The rule referred to has, in modern times, been applied with reluctance, by some courts, because it had become a rule of property, and by others out of deference to its supposed authority; but in many, if not in all cases, with open protest, while by others it has been wholly rejected. (*Minter's Appeal* 40 Penn. 111; *Raymond* v. *Hillhouse* [Conn.], 19 Alb. L. J. 523.) It is, however, not necessary for us to go to that extent, because wherever the rule is adopted it is also held that it is to be governed by the context, and as is said will yield " to a very faint glimpse of a different intention." (2 Jarman on Wills [1st Am. ed.] 111; marg. 112; *Clark* v. *Lynch*, 46 Barb. 69; *Collins* v. *Hoxie*, 9 Paige, 81; *Brett* v. *Horton*, 5 Jurist, 696; Roper on Legacies, 159; *Lockhart* v. *Lockhart*, 3 Jones' Eq.

[N. Car.], 205 ; *Balcolm* v. *Haynes*, 96 Mass. 204). If, therefore, from any portion of the will an intention can be discovered that the children of the deceased daughter are to take as a class, and not as individuals, that intention must prevail, notwithstanding the rule of construction to which we have adverted. It may, we think, be found in the preceding clause of the will, and is fairly to be deduced from the words, " To the children of Irene $50,000." This is plainly a bequest to those persons as a class, in their representative capacity, and the sum named goes to them as a body, and when we find the same language used in respect to the same persons, in the residuary clause, " the children of Irene," as recipients of a share of a single sum, the surplus, we conclude that the testator used the words in the last clause with the same signification, and to the same intent as in the first. This construction also assimilates the directions of the will to the provisions of the statute regulating the distribution of estates, and accords with the general justice of the law.

We think, therefore, that the order of the Supreme Court was correct, and should be affirmed.

All concur.

Order affirmed.