(52 Misc. Rep. 256)

## ERDMAN et al. v. MEYER et al.

(Supreme Court, Special Term, New York County. November, 1906.)

**1. WILLS—CONSTRUCTION—VESTED ESTATES.**

Where testator's will directed his executors to hold his estate in trust and to pay the income to his widow for life, and, on her death, to pay a certain sum to his sister absolutely, and the sister died before the wife, the legacy on the death of the wife was payable to the sister's administrator, as the title vested in the sister on testator's death.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 1460–1487.]

**2. SAME—TRUSTS.**

Testator's will gave his executors $4,000 for the use of the executors or survivors of them absolutely. Attached to the will was a letter addressed by testator to the executors, and of the same date as the will in which testator referred to the gift of $4,000, and stated that it was given in trust to pay it over to the officers of the oldest Jewish congregation in a certain place in Bavaria. In an action for the construction of the will, the attorney who drew it testified that the method of giving the legacy to the executors was adopted because there was doubt as to the power of the congregation to take the legacy. It appeared that one of the executors declared that he knew it was given for the benefit of the congregation, and it was shown that the congregation was empowered under the laws of Bavaria to acquire property by will. *Held*, that the trust should be enforced in favor of the congregation.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 1579, 1587–1589.]

**3. SAME—LEGATEES—TAKING PER STIRPES.**

Where testator's will directed his executors to hold certain shares of the estate in trust for his brothers and sisters, the principal on the death of the life tenant to be paid to the next of kin, the children of a deceased sister took per stirpes.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 1143–1152.]

Action by Albert Erdman and others against Hannah Meyer and others for the construction of the will of Samuel Broneman, deceased. Will construed.

Sylvan Breir, for plaintiffs.

Kurzman & Frankelheimer, Lachman & Goldsmith, Jesse W. Ehrich, and Edwin C. Hamburg, for defendants.

NEWBURGER, J. This is an action brought by the plaintiffs, as trustees, for the construction of certain provisions contained in the will of Samuel Broneman, who died on the 8th day of December, 1880; the will having been executed on the 8th day of March, in the same year. After acting for some years the executors died and the plaintiffs were duly appointed by the surrogate of the county of New York as substituted trustees of the trusts created by the said will.

The testator in said will, after making a small bequest to a half sister, gives, devises, and bequeaths to his executors, and the survivors of them and his successors, all his real estate and the residue of his personal estate, with power to lease, let, and demise, and to grant, sell, and convey said real estate and invest the proceeds thereof, and, in trust, to receive the rents and profits of said real estate, and the income and interest of the proceeds of said real estate and said residue of personal estate, and to apply such rents, profits, income, and interest to

the use of his wife so long as she may survive. The testator then directs that on the death of his wife, or upon his own death, if the wife shall fail to survive, the executors, and the survivor of them and his successors, to sell and convey all his real estate not heretofore sold and conveyed, and to convert the whole of his estate into personalty and to distribute as follows:

"A. To pay the sum of four thousand dollars to the children of my wife's sister, Babette Erdman, which amount I give to said children absolutely. B. To pay the sum of four hundred dollars to my sister, Esther, widow of Simon Seaburger, deceased, absolutely. C. To retain the sum of four thousand dollars for the use of my executors jointly, or the survivor or survivors of them absolutely."

The testator then directs that the balance remaining shall be divided into six shares, which shall be transferred to or held for the life of testator's brothers or sisters, the principal in the case of one brother and one sister to be paid immediately to the designated brother and sister, and the principal of the other four shares to be held for the designated brother and three sisters, the principal upon the death of the life tenant to be paid to the next of kin of said life tenant. There is no question raised as to the persons entitled to take under the residuary clause of the trust except as to the one-sixth share directed to be set aside for the benefit of Fanny Blumenthal or her next of kin. The testator died December 8, 1880. His widow died February 7, 1905. His sister, Fanny Blumenthal, died in 1890, leaving three children, Samuel, Henry, and Celia. Samuel died September 20, 1899, leaving a widow and seven children, six of whom survived Yette Broneman. Henry Blumenthal died April 3, 1898, leaving a widow and three children, all of whom are now living. Celia Blumenthal died July 27, 1902, leaving two children, who are now living. Esther Seaburger died in 1893, leaving one daughter, the defendant Hannah Meyer. The plaintiffs have duly converted testator's real estate and have received the personal property, and all the debts of the estate have been paid.

The only questions submitted to the court with respect to which a construction of the will is asked herein are as follows: (1) Should the bequest of $500 made to Esther Seaburger be paid to the administratrix of Esther Seaburger or has said bequest lapsed? (2) Should the sum of $4,000 be paid to the executor of the survivor of the executors named in the will, or has it lapsed, or should it be construed as a secret trust in favor of the Jewish congregation in Bavaria? The disposition of one-sixth of the residuary estate under the will which was directed to be held for the use of decedent's sister, Fanny Blumenthal, for life. The questions thus submitted will be considered in their order.

First. The disposition of the $500 legacy to Esther Seaburger. In determining this question, it is necessary to ascertain, if possible, from a reading of the will, the intention of the testator, and, when such intention can be so ascertained, it is the duty of the court to carry out the wishes of the testator. The legacy to Esther Seaburger reads: "B. To pay the sum of five hundred dollars to my sister absolutely." While the bequests made in subdivision D of paragraph "Thirdly"

contain a gift over to the children or next of kin of his other sisters and brother, the testator intended to give this sister an absolute gift of $500, to be paid to her upon the death of the testator's widow. In the Matter of Young, 145 N. Y. 535, 40 N. E. 226, the will set apart the sum of $4,000 for the use of the testator's widow for life, and after her death the same was to be equally divided among the testator's children. It was held that the children took vested remainders in the fund, subject to the life use thereof by the widow, and that the payment thereof was postponed until her decease so as to enable the estate to first meet that burden. The intention of the testator was to vest title in Esther Seaburger, the legatee, at the time of the testator's death, but postponing the payment thereof until the death of the testator's wife, and therefore at her death the legacy passed to her next of kin, and Hannah Meyer, the administratrix, is entitled to receive the same.

Second. As to the disposition of the legacy of $4,000 left to the executors. Attached to the will is a letter from the testator addressed to the executors, bearing the same date of the will, which reads as follows:

"New York, March 10th, 1880.

"Gentlemen: In my will, dated this day, I give to you the sum of four thousand dollars absolutely. This amount I give you in trust to pay it over to the officers of the oldest Jewish congregation in Altenmuhr, Bavaria, the interest thereon to be applied by said officers in the relief of Israelites in indigent circumstances in that locality, especially such of my own relatives as may need assistance."

On the trial the attorney who drew the will testified that the method of giving the legacy to the executors, with a letter of instruction containing the testator's real intention, was adopted because there was doubt in the attorney's mind as to the power of the congregation to take such a legacy. It was further established that one of the executors had declared that he knew that it was given for the benefit of the Jewish congregation in Altenmuhr, and declared his intention to pay same over to the congregation. It further appeared that the congregation were empowered under the laws of Bavaria to acquire all kinds of property, especially by last will and testaments. In Matter of O'Hara, 95 N. Y. 403, 47 Am. Rep. 53, it was held that if the testatrix, in her letter of instruction, had named some certain and definite beneficiary capable of taking the provision intended, the law would fasten upon the legatee a trust for such beneficiary and enforce it if necessary. The letter attached to the will, and the evidence submitted on the trial, clearly establishes the fact that the legacy was never intended as an absolute gift to the executors, but was intended to be held by them in trust for the Jewish congregation in Bavaria. The trust thus being created, this court having jurisdiction of the subject-matter, and, following the well-established rule in equity against multiplicity of actions, directs the payment direct to the officers of the congregation.

Third. As to the disposition of the one-sixth of the residuary estate directed to be held for the benefit of the testator's sister, Fanny

Blumenthal. A reading of the clause in the will relating to the division of the residuary estate shows that the testator had in mind a desire to treat his brother and sisters equally and making no provision for his nieces and nephew, except as they might take as next of kin. The authorities are uniform that the rule of construction is to ascertain the intention of the testator from the will as a whole, and that the distribution per stirpes is favored. See Ferrer v. Pyne, 81 N. Y. 281. I am, therefore, of the opinion that this one-sixth share should be divided into three parts, and that the grandchildren of Fanny Blumenthal should take per stirpes and not per capita.

Submit findings in accordance with the views herein expressed.