Attorney's fees and expenses incurred in the management of a trust estate, created by a will showing intention that trust fund should remain intact, should be paid out of the income.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trusts, §§ 389–392.]

2. WILLS—CONSTRUCTION—DIVISION OF ESTATE.

Testator devised a certain sum in trust, the income to be paid to his wife for life, and on her death to be divided equally between his brother and two sisters and the children of his deceased brother, share and share

alike, and provided that, if any of them should be dead with issue at the time of the decease of the wife, the share of the decedent should go to her issue, and if either of his sisters or brothers should not be living, but should have heirs of their body, the share of those so deceased should go to the heirs. *Held*, that the estate should be divided into four equal parts, one to go to his brother, if alive, and otherwise to his issue, one to each of his sisters if living, and to the issue of either if dead, and the remainder to the children of the deceased brother then living, and if any child should then be dead the issue of the dead child to take his parent's share.

In the matter of the judicial settlement of the account of George F. Brownell, as trustee under the will of Charles J. Fox, deceased. Decree rendered.

George M. Palmer, for Clarence Fox and others, administrators, and others.

George H. Minor, for George F. Brownell, trustee, and others.

Brownell C. Fox (S. M. Lindsey, as counsel), in pro. per., and for James S. and Edwin P. Fox, contestants.

SEXTON, S. This is a proceeding for final judicial settlement of the account of George F. Brownell, as trustee in this estate. Objections were filed to an item of $172.33 and one of $200, balances due attorneys on the last accounting of the trustee and since paid by him out of the principal of the trust fund.

It is contended by the contestants that the payment should have been made out of the income. The facts are conceded. The fourth clause of the will directs the trustee to invest $15,000, and pay the income and profits thereof to the testator's wife during her lifetime, and upon her death "said sum of $15,000 to be divided equally," etc. From the language used the testator intended that the trust fund of $15,000 should remain intact, else his direction, "said sum of $15,000 to be divided equally," etc., is barren. It is the duty of a trustee to handle the trust fund as directed by the will. He could spend no part of the $15,000, as that sum was to be divided upon the death of the testator's wife. It appears that, on March 15, 1898, the trustee paid said items of $200 and $172.33, respectively, at which time he had accrued interest on said trust fund, amounting to $711.59, which should have been used, instead of the principal. Matter of Albertson, 113 N. Y. 435, 21 N. E. 117.

The persons interested in the $15,000 trust fund, referred to in the fourth paragraph of the will in this estate, filed objections to the division of said sum per stirpes, as proposed by said trustee in his account, and insist that the same shall be divided per capita. To ascertain the intention of a testator in the disposition of his property, such intention must be gathered from the language used by the testator in his will, if possible. In the fourth paragraph of the will the testator provided a trust fund of $15,000 for the benefit of his wife during her lifetime, and upon her death directed that—

"said sum of $15,000 to be divided equally between my brother, George Fox, and my sister, Kate Brownell, wife of Samuel C. Brownell, and my sister Edna, and the children of my deceased brother Jeremiah, share and share alike. Should any of them be dead at the time of said wife's decease, leav-

ing issue, the share or shares of those so deceased shall go to their said issues, respectively; and in case, at the time of my said wife's decease, either of my said sisters, or my said brother George, shall not be living, but shall have heirs of their bodies, the share or shares of those so deceased shall go to their said heirs, respectively."

From the foregoing language I am convinced that the testator intended that said $15,000 should be divided into four equal parts, and one-fourth thereof, upon the death of the testator's wife, should go to George Fox, if living, and to his issue, if dead; that one-fourth thereof should go to Kate Brownell, if living, and to her issue, if dead; one-fourth thereof to testator's sister, Edna, if living, and to her issue, if dead; and the remaining one-fourth thereof should go to the children of testator's deceased brother, Jeremiah, living at the time of testator's wife's death, and, if any of said children should then be dead, the issue of the dead child should take the parent's share.

The expression, "share and share alike," it is claimed, is meaningless in connection with the construction suggested. It seems to me that the expression, "and the children of my deceased brother, Jeremiah," refers to a class. There is nothing before the court, or in the will, to indicate that the trustee meant to give the children of Jeremiah more than he would have given their father, had he been living. So far as appears, had he lived, he would have shared equally with his brother and sisters, taking only one-fourth. Naturally, the testator would give the children the parent's share; and such intention in this particular case is borne out by the language used in the fourth clause of the will to the effect that, if any beneficiary should die, his or her share should go to the issue of the dead person's body. Jeremiah's children are not mentioned by name, but designated as a class. They were called "the children of my deceased brother, Jeremiah," indicating the testator's intent to substitute them in place of their father.

I hold and decide that the children of Jeremiah take as a class, together receiving but one-fourth or share of said $15,000. In support of this construction, see Ferrer v. Pyne, 81 N. Y. 281; Matter of Walker, 39 Misc. Rep. 680, 80 N. Y. Supp. 653; Vincent v. Newhouse, 83 N. Y. 505.

The trustee is therefore charged with $15,000 under the fourth clause of the will, the same to be distributed as indicated in the trustee's account.

Decreed accordingly.