1. WILLS (§ 531*)—CONSTRUCTION—DISTRIBUTION OF ESTATE.
　　Under a will giving testator's residuary estate in trust, the income to be paid to his wife for life, and providing that "after her death I give * * * said residue * * * in equal shares unto my brothers and sisters and their heirs, the children of my deceased brother U. to receive his share thereof," the use of the words "their heirs" meant that the children of a deceased brother or sister should take the share their parent would have taken if living, and required that, after the death of the life tenant, distribution between the several children of a deceased brother or sister and a living brother or sister be per stirpes and not per capita.

　　[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1143, 1144, 1148–1152; Dec. Dig. § 531.*]

2. WILLS (§ 497*)—CONSTRUCTION—DISTRIBUTION OF ESTATE—"CHILDREN."
　　In a will giving testator's residuary estate after the death of the life tenant in equal shares to his "brothers and sisters and their heirs, the children of my deceased brother U. to receive his share thereof," the

word "children" included merely the children of U. and not grandchildren.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1080, 1086; Dec. Dig. § 497.*

For other definitions, see Words and Phrases, vol. 2, pp. 1115–1141; vol. 8, p. 7601.]

Judicial settlement of the accounts of Stephen H. Davenport, as executor, under the last will and testament of William J. Davenport, deceased. Decreed according to opinion.

Frank G. Wild, of New York City, for executor.

Joseph P. Bourke, of New York City, special guardian.

COHALAN, S.　[1] The testator gave to his executors his residuary estate in trust, the income and interest thereof to be paid to his widow during her life, and upon her death he provided for the disposition of the residuary in the following language:

"After her death I give and devise said residue and remainder in equal shares unto my brothers and sisters and their heirs, the children of my deceased brother Uriah to receive his share thereof."

The life tenant is now dead, and the trustee upon this accounting is to distribute the remainder pursuant to the terms of the will. The testator left him surviving a brother, the accountant, two sisters, Martha A. Davenport and Elizabeth Davenport, Ada Fuller and Lillian Fuller, the only children of Frances Fuller, a deceased sister, and three children and one grandchild of his deceased brother, Uriah. A question arises as to the proper distribution. The intent of the testator, as evidenced by the gift to the children of his deceased brother Uriah of their father's share among them, appears to have been to give an equal share to each of his brothers and sisters, and by the use of the words "and their heirs" meant that the children of a deceased brother or sister should take the share their parent would have taken if living. The Court of Appeals in Ferrer v. Payne, 81 N. Y. 281, holds that the rule of a per capita division will yield "to a very faint glimpse of a different intention." It does not appear to have been the intention of the testator to create an equality of distribution between the several children of a deceased brother or sister and a living brother or sister, and distribution must be per stirpes and not per capita. Woodward v. James, 115 N. Y. 346, 22 N. E. 150. Therefore the residuary estate is to be divided into fifths instead of into sixths, as in the proposed decree submitted by the accountant; each one of the brothers and sisters taking a one-fifth share, and the two children of Frances Fuller, deceased, Ada Fuller and Lillian Fuller, taking a one-fifth share, to be divided equally between them.

[2] With regard to the share bequeathed to the children of Uriah, the deceased brother of the testator, there arises one question, and that is as to whether or not William J. Davenport, a grandchild of Uriah, should be included within the word "children," thus sharing with the children of Uriah. The will states clearly that the share of Uriah is to

be divided among his children, and there is no reason for the extension of the word "children" to include grandchildren in this case.

Decreed accordingly.