METROPOLITAN TRUST COMPANY OF THE CITY OF NEW YORK, as Trustee of the Trusts Created by the Will of SARAH LOUISE BENNET, Deceased, Plaintiff, *v.* LEONORA V. H. HARRIS et al., Defendants.

(Supreme Court, New York Special Term, July, 1919.)

**Wills** — construction of — **provisions of** — life estates — trusts — stirpital division.

A will set up several distinct trusts and after reciting that in case testatrix's niece survived her, bequeathed to a designated trust company one other of said equal shares of the rest, residue and remainder of the estate, to invest and keep the same invested in such securities as the trust company might deem safe with direction to pay over the income thereof to

said niece for and during her life " and upon the death of my said niece leaving issue her surviving " to divide the same " in equal shares and proportions " among her surviving issue, but in the event of her leaving none to pay over the principal to other named persons share and share alike, and the share of any of them dying before the testatrix was given to his or her issue respectively *per stirpes.* The will also provided that in case the niece predeceased the testatrix leaving issue her surviving, the share was given to such issue in equal shares or proportions *per stirpes* and not *per capita,* but if the niece predeceased the testatrix leaving no issue then and in that event said share was given to the legatees share and share alike, the share of any of them dying before the testatrix to go to his or her issue respectively *per stirpes. Held,* that the testatrix intended a stirpital division.

ACTION by the plaintiff, the successor in interest of the Atlantic Trust Company, for a judicial settlement of its accounts as trustee of five trusts set up under the will of Sarah Louise Bennet, deceased, and for a construction of that will, with particular reference to subdivisions 4, 5, 6, 7 and 8 of clause 16 thereof.

Speir & Bartlett, for plaintiff.

Jules H. Baer, for defendant Robert P. Crane, as administrator of the estate of Lester B. Harris, deceased, and for the defendant Girard B. Harris.

Gescheidt & Toomey, for defendant Leon B. Harris.

Ralph Gillette, for guardian *ad litem* of infant defendant Elsa B. Harris.

Abraham B. Keve, guardian *ad litem* of Lester A. Harris and certain other infant defendants.

Yorke Allen, guardian *ad litem* of the infant defendant Natalie E. Harris.

Giegerich, J. This action is brought by the plaintiff as trustee for a judicial settlement of its accounts as trustee of five trusts set up under the will of Sarah Louise Bennet, deceased, and for the construction of that will, with particular reference to subdivisions 4, 5, 6, 7 and 8 of one of the clauses thereof. Subdivision 4, being the same in its operative language as the other subdivisions presented for construction, reads as follows: "4th. In case my niece Sarah B. Sawyer, of Walton, Delaware County, New York, daughter of my deceased brother Thomas B. Harris, shall survive me, then I give and bequeath to the Atlantic Trust Company aforesaid one other of said equal shares or parts of the aforesaid rest, residue and remainder of my estate, to invest the same and keep the same invested in such securities as said company may deem safe, and to pay over the income and interest thereof to my said niece Sarah B. Sawyer for and during her life, and upon the death of my said niece leaving issue her surviving, to divide the same in equal shares and proportions among her issue her surviving, but if she leave no issue her surviving, to pay over the principal to Caroline A. Wilson, wife of Henry S. Wilson, Elizabeth L. Harris, widow of John D. Harris, Sarah L. Harris, widow of Thomas B. Harris, Lizzie C. Randall, daughter of Thomas B. Harris, Virginia S. Williams, daughter of Thomas B. Harris, Chapman S. Harris, son of John D. Harris, Lester B. Harris, son of John D. Harris, Frank B. Harris, son of John D. Harris, and Linda L. Stephenson, wife of Frederick W. Stephenson, share and share alike, the share of any dying before me to go to his or her issue, respectively, *per stirpes.* In case my said niece shall have died before me leaving issue her surviving, then I give and bequeath the share or part aforesaid to such issue in

equal shares or proportions *per stirpes* and not *per capita,* but 'if my said niece shall have died before me leaving no issue, then and in that event I give the said share to said Caroline A. Wilson, Elizabeth L. Harris, Sarah L. Harris, Lizzie C. Randall, Virginia S. Williams, Chapman S. Harris, Lester B. Harris, Frank B. Harris and Linda L. Stephenson, share and share alike, the share of any dying before me to go to his or her issue, respectively, *per stirpes.''* The question presented is whether those who take under the following language of the will, to wit, " and upon the death of my said niece leaving issue her surviving, to divide the same in equal shares and proportions among her issue so surviving," take *per capita,* or whether they take *per stirpes.* It will be observed that in various parts of the subdivision quoted different words are used to denote the distribution intended. In one place the testatrix said: " in equal shares and proportions among her issue her surviving." In another place she says " share and share alike, the share of any dying before me to go to his or her issue, respectively, *per stirpes.''* In another place she says " in equal shares or proportions, *per stirpes* and not *per capita.''* In still another place she says, " the share of any dying before me to go to his or her issue, respectively, *per stirpes.''* No light can be obtained by comparing one of the subdivisions with another, because, with the exception of the various names of persons filled in variously in the four subdivisions, the language is identical. It is quite apparent that one subdivision was drafted and used as a model in its framework for the construction of the other subdivisions. It is apparent, also, that this is not a case where it will do to reason too closely upon the language employed by the testatrix and to say that where she employed different words she meant differ-

ent things. For example, in one place she says the distribution shall be "*per stirpes* and not *per capita,*" while in two other places she merely says that it shall be "*per stirpes.*" As the case appears to me, the question turns upon the use of the word "propor-tions." The language is not simply "in equal shares," but "in equal shares and proportions," and the latter word is a well-chosen and apt one to express the idea of a share varying in size according to the representative position of the taker in a stirpital dis-tribution. The mere fact that the words "*per stirpes*" are not used in the phrase under considera-tion in addition to the word "proportions" is of no more significance to my mind than the fact that the words "and not *per capita*" are sometimes used after the words "*per stirpes,*" and sometimes not so used. There is no reason apparent to me in the rela-tionship of the beneficiaries under these various pro-visions to the testatrix or in their relationship to each other, or in any other fact that appears why the tes-tatrix should mean to make any distinction in her scheme of distribution. In *Matter of Farmers Loan & Trust Co.,* 213 N. Y. 168, 175, the court said: "It is incredible that he contemplated a stirpital division among issue of children who died before him, but after the making of the will, and a *per capita* division among the issue of those children who died before him and before the making of the will." My conclusion is that in the case before me the testatrix expressed the same thought in various forms of language, in one case by the use of the word "proportions," in another case by the use of the words "*per stirpes,*" in another case emphasizing that thought by the addition of the words "and not *per capita,*" and in another case by provid-ing that the share of any parent dying should go to the issue of such parent, but all of these forms of

expression indicating the same purpose, and that was a stirpital division. I have returned the papers in the case to the custody of the clerk to await the further action of the parties.

Ordered accordingly.