Joseph A. Cox, S.
In this proceeding the court is asked to construe the testator’s will and to determine whether a trust remainder interest is distributable to the issue of a trust beneficiary per stirpes or per capita. The will, which was admitted to probate in the year 1888, provided for the division of the residuary estate into two equal trusts, one for the benefit of the *317 testator’s son and the other for the benefit of the testator’s daughter. The trust for the benefit of the son heretofore terminated and at that time it was judicially determined that the provision of the will which directed that the trust principal be paid to the son’s issue “ in equal proportions ” required that the trust remainder be paid to such issue per stirpes (Matter of Wall, N. Y. L. J., Dec. 13, 1945, p. 1711, col. 6).
The trust for the benefit of the daughter now has terminated and the remainder of that trust is distributable. The will directs that upon the death of the testator’s daughter leaving issue surviving her ‘z the principal shall be paid to such issue in equal proportions ’ ’. This remainder gift to issue in equal proportions is identical in language with the disposition made of the principal of the son’s trust and the court finds no basis in construing these words to reach a different result from that reached in the prior construction proceeding.
The construction of the will is governed by the common-law rule and not by section 47-a of the Decedent Estate Law, which became effective long after the testator’s death. However, this will expresses a clear intent to depart from the common-law rule in existence at the date of the instrument and which required that, in the absence of a contrary expression of purpose, the word issue be regarded as contemplative of a per capita distribution to descendants of every degree (Soper v. Brown, 136 N. Y. 244; Petry v. Petry, 186 App. Div. 738, affd. 227 N. Y. 621). Here there is far more than that faint glimpse of intention which is required to effect a stirpital distribution (2 Jarman on Wills [1st Amer. ed., 1845], 111; Ferrer v. Pyne, 81 N. Y. 281, 284; Matter of Farmers’ Loan & Trust Co., 213 N. Y. 168, 173-174).
It was said in Metropolitan Trust Co. v. Harris (108 Misc. 34, 38) that the word proportions “ is a well-chosen and apt one to express the idea of a share varying in size according to the representative position of the taker in a stirpital distribution ”. In the will at bar the word proportions is employed not only in the primary direction for distribution to the issue of the income beneficiary but is employed repeatedly in the alternative gifts intended to be effective in the event of the daughter’s death without issue. The testator provided for the latter contingency by substitutionary gifts of the remainder, dependent upon circumstances of survivorship, to the son’s issue, to the testator’s two sisters and “ in equal proportions to their [the sisters’] respective issue, the issue of each to receive the sum their mother would have received if living”. The last-quoted words are of particular significance and plainly indicate that the thought of a distribution according to stocks was uppermost in the mind *318 of the testator (Central Hanover Bank & Trust Co. v. Pell, 268 N. Y. 354).
It is held that the trust remainder is payable to the issue of the income beneficiary per stirpes.
Submit decree on notice construing the will and settling the account.