S. Samuel Di Falco, S.
The trustee of a trust created for the benefit of a granddaughter of testatrix requests a construction of article Fourth of the will. The court is asked to determine whether the remainder is to be distributed among the lawful issue of the beneficiary per stirpes or per capita.
The testatrix died in 1908, leaving a will and codicil thereto dated 1905. The beneficiary died in 1958 leaving her surviving two children, three grandchildren and three great grandchildren.
Since this will predated the enactement of section 47-a of the Decedent Estate Law, solution of this question cannot be found by recourse to the statute but rather lies in examination of the intention of the testatrix. The special guardian urges that the common-law doctrine implies that the word ‘ ‘ issue ’ ’ standing alone without expression of other intent, includes descendants in every degree. (Soper v. Brown, 136 N. Y. 244; Petry v. Petry, 186 App. Div. 738, affd. 227 N. Y. 621.) Equally well defined in the decisions has been the rule that the common-law doctrine must yield to a very faint glimpse of a definite intention on the part of the testatrix. (2 Jarman, Wills [1st Am. ed., 1845], 111; Ferrer v. Pyne, 81 N. Y. 281, 284; Matter of Farmers’ Loan & Trust Co., 213 N. Y. 173-174.) Examination of this will reveals the testamentary plan of the testatrix in favor of per stirpes distribution among the 'beneficiary’s issue.
First of all it is to be noted that in setting up the trust for her son in article Third and the trusts for the two children of a predeceased son in articles Fourth and Fifth, the testatrix herself made a per stirpes distribution, giving to each of the grandchildren approximately half of what her son received.
Moreover, in article Ninth the decedent in disposing of her residuary estate provides for trusts for the benefit of issue of her son who were less than 21 years of age and defines issue to be “ children of my said son ” and goes on to say “ upon the death of each of said issue respectively, to pay over the principal fund then held to the lawful issue, if any, of the issue of my son so dying, the same to be divided, distributed and paid over per stirpes and not per capita ”. The testatrix’ employment of the definition of issue with respect to one trust in one article of the will may be carried over into article Fourth. It seems reasonable to assume that the testatrix intended to use the *610 word issue with the same force and meaning wherever it ocurred in her will and presume that the word would be construed in the same sense in disposing of the trust which is in question (United States Trust Co. v. Baes, 124 Misc. 48, affd. 216 App. Div. 807, affd. 245 N. Y. 514). The testatrix certainly intended that issue of a beneficiary, the daughter of a predeceased son, receive the same equality of treatment as issue of the son living at the time of execution.
The court accordingly finds that the testatrix intended the remainder of the trust created under article Fourth of her will to be distributed on a stirpital basis.
Submit decree in accordance with this decision.