Joseph A. Cox, S.
In this proceeding to settle its account, the trustee has requested construction of paragraph Fifth of the testator’s will. The pertinent text of the paragraph which requires construction reads as follows: “ I direct my executors *141 and trustees to separate and hold in trust another one-third part of my said estate and to apply and pay over the net rents, income and profits thereof to the use and benefit of my daughter, Leta Constance Wright during her natural life, and upon her death to convey and pay over the principal of such one-third part to such issue as she may leave her surviving, share and share alike.”
The decedent herein died in 1908 survived by his wife and two daughters. The decedent’s daughter Leta Constance, the life beneficiary of the trust, died in 1957 leaving her surviving 5 children and 12 grandchildren, all of whom are issue of living children. The question requiring determination simply put is whether the trust estate is now to be distributed per stirpes to the 5 living children of the deceased life beneficiary or per capita to the 17 living children and grandchildren of the deceased life beneficiary share and share alike.
As the testator died in 1908 long before the enactment of section 47-a of the Decedent Estate Law, the common-law interpretation of the word “ issue ” is applicable to his will. Under the common law the word ‘ ‘ issue ’ ’ standing alone and without any other expression of intent was held to mean descendants of every degree. (Soper v. Brown, 136 N. Y. 244; Petry v. Petry, 186 App. Div. 738, affd, 227 N. Y. 621.) However, equally well supported in the decisions is the finding that the rule favoring a per capita distribution among descendants of every degree will yield to <£ a very faint glimpse of a different intention.” (Ferrer v. Pyne, 81 N. Y. 281, 284; Vincent v. Newhouse, 83 N. Y. 505; Matter of Farmers’ Loan & Trust Co., 213 N. Y. 168; Central Hanover Bank & Trust Co. v. Pell, 268 N. Y. 354.)
It is the opinion of the court that in the case at bar more than just a faint glimpse of the testator’s intention to make a per stirpes distribution instead of a per capita distribution is discernible from a reading of the will.
In paragraph Fourth of his will the testator created a trust of one third of his estate for the benefit of his wife. Upon her death he directed that the trust be divided into two equal parts and be held for the benefit of his two daughters giving to each of them a power of appointment over the trust principal. In paragraph Fifth of his will the testator created two trusts each equal to one third of his estate for the benefit of his two daughters again evidencing his desire to make an exact and equal distribution to persons of equal degree of consanguinity. It is also to be noted that in paragraph Fifth his daughters in default of issue were also given the power of appointment over *142 the trust principal. By this means the testator evidenced a complete confidence that his children, those closest in degree of consanguinity to him, would make a proper distribution of the principal of the trusts.
With these clear indications at hand it would be illogical for the court .to assume that the testator intended a different and unequal distribution with respect to his grandchildren or that he had less confidence in his grandchildren to deal with the principal of the trust estates than he had in his children. As equality of distribution was the dominant theme of the testator’s will the court holds that it was the testator’s intent to provide for a per stirpes distribution of the trust estate to the issue of his deceased daugher. (Matter of Hodgman,.108 N. Y. S. 2d 429; Matter of Rothschild, 11 Misc 2d 817.)
Submit order on notice or consent construing the will and settling the trustee’s account accordingly.