Johs L. Flywx, J.
This proceeding is brought pursuant to article 79 of the Civil Practice Act by the executors of the wills of two deceased trustees and by a surviving trustee for a construction of the will of Sidney Dillon Ripley who died a resident of New York in 1905. Presented for determination is the question of whether a provision of a will, in effect prior to the enactment of section 47-a of the Decedent Estate Law, which directs payment to “issue” on death of the life beneficiary, shall be construed to require distribution per stirpes or per capita.
By his will, dated February 3,1900, the testator provided that his residuary estate be held in trust for his wife, Mary Baldwin Ripley, who was to receive the income for her life. Upon her death the trust was to be divided into as many shares as the decedent shall leave children him surviving and deceased children who left issue him surviving, with power in his wife to appoint by will the proportion of each share. In default of appointment, the principal was to be divided into as many equal shares as the decedent shall leave children him surviving and deceased children who shall have left issue him surviving, one share for each child and one share for the issue of each child collectively. The pertinent text of the will reads as follows: ‘1 Third: * * * or in case my said wife shall die without leaving a Last Will and Testament in which she shall have exercised the power of appointment given to her under and by virtue of this Will, then to divide my said residuary estate into as many equal parts or shares as I shall leave children me *784 surviving (including any children that may hereafter be born to me) and deceased children who shall have left issue who shall survive me, one share for each child and one share for the issue of each deceased child collectively; and upon the further trust to receive and invest and keep invested one of said proportions or equal shares as the case may be for each of my said children surviving me during his or her life and the income thereof to collect and receive and the net income thereof to apply to the use of and pay over to the child for which the one particular share is held in each case respectively, as the income shall accrue, and not in anticipation of its receipt, during his or her natural life: but in case of the death of any of my said children before me, leaving issue, then to transfer and pay over such share to the issue of such deceased child in equal parts, and upon the death of each child to transfer and pay over such part or share held in trust for him or her to the issue of such child in equal shares, and in case either or any of my said children shall leave no issue, then to his brothers and sisters or the issue of his brothers and sisters in equal share per stirpes and not per capita, him surviving: and upon the further trust as to the said equal shares set apart for the issue of such of my children as shall have died before me leaving issue me surviving, to transfer and pay over one of said shares to the issue of each such deceased child of mine per stirpes and not per capita, so that the issue of each such deceased child collectively shall take the share set apart as hereinbefore directed as representing the share of his, her or their parent. ’ ’
The testator, upon his death in 1905, was survived by his wife and his four children, namely, Annah E. de Viel Gastel, Henry B. H. Ripley, Sidney Dillon Ripley and James H. Ripley. Mary Baldwin Ripley died in 1938, leaving her surviving the four children afore-mentioned. By her will she expressly waived exercise of the power of appointment given to her and the principal of the trust for her benefit was thereupon divided into four equal shares, one share in trust for each of the four children of the testator.
Henry B. H. Ripley, son of the testator and a life beneficiary of one of the four trusts, died on April 20, 1959, survived by four children and 10 grandchildren, five of the grandchildren being the children of one child, three of another, and two of a third child. If distribution of the principal of this trust is now to be made per stirpes, there will be four equal shares, but if made per capita there will be 14 equal shares to be distributed to the children and grandchildren alike. It also appears that *785 Annah R. de Viel Castel has three children and four grandchildren ; that James H. Ripley has two children and two grandchildren; and that Sidney Dillon Ripley has no surviving children.
Since the testator died prior to the enactment of section 47-a of the Decedent Estate Law (eff. April 30,1921), resort must be had to the common law in determining the meaning to be given to the word “ issue ” as it is employed in the instant will. The guardian ad litem properly argues that at common law there is a presumption favoring a per capita distribution (Soper v. Brown, 136 N. Y. 244; Petry v. Petry, 186 App. Div. 738, affd. 227 N. Y. 621). However, even at common law a per capita distribution will be avoided if there exists so much as “ a very faint glimpse of a different intention.” (Ferrer v. Pyne, 81 N. Y. 281, 285; Matter of Farmers’ Loan & Trust Co., 213 N. Y. 168; Central Hanover Bank & Trust Co. v. Pell, 268 N. Y. 354.) In the will at bar there is much more than a ‘ ‘ faint glimpse ” of a different intention.
The court is of the opinion that the testator intended that distribution be made to the issue of his children per stirpes and not per capita. There are several meaningful and significant stirpital expressions in the will. The clause which provides for disposition to issue of deceased children reads: “but in case of the death of any of my said children before me, leaving issue, then to transfer and pay over such share to the issue of such deceased child in equal parts, and upon the death of each child to transfer and pay over such part or share held in trust for him or her to the issue of such child in equal shares, and in case either or any of my said children shall leave no issue then to his brothers and sisters or the issue of his brothers and sisters in equal shares per stirpes and not per capita him surviving ”.
This language encompasses three contingencies: A distribution to the issue of the children who predecease the testator, a distribution to issue of children who survive the testator and a distribution to the brothers and sisters and issue of deceased brothers and sisters who survive a child of the testator who dies without issue. It is reasonable to assume the testator intended the phrase “ per stirpes” and not “per capita” to apply to all three contingencies. This view finds support in the following language of the will: ‘ ‘ and upon the further trust as to the said equal shares set apart for the issue of such children as shall have died before me leaving issue me surviving, to transfer and pay over one of said shares to the issue *786 of each such deceased child of mine per stirpes and not per capita, so that the issue of each such deceased child collectively shall take the share set apart as hereinbefore directed, as representing the share of his, her or their parent.”
Where, as here, there is specific direction by the testator for stirpital distribution “ for the issue of such of my children as shall have died before me leaving issue me surviving ”, it would be illogical to infer an intention to distribute per capita as to issue of children who survive him. As was said in Central Hanover Bank & Trust Co. v. Pell (supra, p. 361): “ Is it to be presumed that they would have left a per capita distribution to hang on such a slender thread as the construction which they contend for of the word ‘issue’, if the drafters were-indeed conscious of any difference between the modes of distribution in the several contingencies ? In such event, it would have been easy to grant the remainder to ‘ issue in whatsoever degree ’ or easier still to grant it to ‘ issue per capita ’. From their very failure to do so, is not the inference irresistible that they ■intended no difference whatever in the several contingencies ? When they granted the remainder to issue in equal parts, did they not mean the same kind of equality that was manifest throughout the deed, namely, an equality among stocks? Harmony and consistency should not be disregarded in the name of equality and thereby work a gross inequality.” In the case at bar, as in Matter of Durant (231 N. Y. 41): “ There is no trace of a desire that ‘ issue ’ should be substituted in accordance with one formula of division when succeeding to one share, and in accordance with a different formula when succeeding to another. Applied to such a will, the per capita rule leads to incoherence and disorder. Division per stirpes gives unity and system.” (Concurring opinion of Caudozo, J., p. 50.)
Accordingly, the court holds that the remainder of the trusts for the children of the testator who shall die leaving issue shall be distributed to such issue in equal shares per stirpes. (Central Hanover Bank & Trust Co. v. Pell, supra; Matter of Durant, supra; United States Trust Co. v. Baes, 124 Misc. 48, affd. 216 App. Div. 807, affd. 245 N. Y. 514; Matter of Ward, 20 Misc 2d 608; Matter of Wright, 23 Misc 2d 140; Matter of Seligmann, 203 Misc. 124.) Jurisdiction of this proceeding is retained to permit petitioners to file and settle accounts of their proceedings in the several trusts referred to in the petition. The application for the appointment of a successor trustee is held in abeyance pending the filing and settlement of such accounts.