Joseph A. Cox, S.
This testatrix was survived by seven children. Some of these children were without issue but there were seven grandchildren living at the testatrix’ death. Her will created a trust which was measured on the lives of two of her children and she directed that upon the termination of the trust the principal be distributed among her children then surviving and the issue of children then dead, the shares of the remaindermen to be determined by the trustees.
The trust has terminated and the trustees are prepared to make distribution and to exercise the discretion vested in the trustees by the will but the court is asked to delimit the group of persons within which payment may be made in compliance with the provisions of the will. One child of the testatrix is surviving as also are the 7 grandchildren who were living at the date of the testatrix’ death. In addition there are 9 great-grandchildren and 10 great great-grandchildren, all of whom *410 were born after the will became operative. Concededly the surviving daughter of the testatrix is a qualified remainderman while her daughter is not qualified. To this extent the parties are in agreement. The question presented is whether, in providing for distribution to descendants of a degree more remote than children, the testatrix intended to describe her deceased children’s issue who would qualify under a distribution per stirpes or, a larger number, her deceased children’s issue who would qualify under a distribution per capita.
The applicable text of the will reads as follows: “ Item Five: Said trust estate shall continue for the lives of my children max maas and axna maas, upon whose death said trust shall terminate and said trustees shall turn over and distribute said trust estate, or such part thereof as may be remaining, among my surviving children and the issue of any of my children who may be dead. Said trustees to distribute said estate in such shares and proportions as they, in their discretion, may determine as advisable, without regard to the equality of shares among my said surviving children, or the issue of those of my children who may be dead, the said trustees to be guided by the individual circumstances, and needs of each of my said surviving children, or the issue of such children as may be dead.”
This will became effective prior to the enactment of section 47-a of the Decedent Estate Law and, for such reason, the statutory definition of issue is not appropriate but, in recognizing the fact that issue of a surviving child are not entitled to claim a remainder interest, the parties to this proceeding have underscored the fundamental testamentary intent as expressive of a stirpital plan of disposition. The common-law definition of issue favored distribution per capita but it has been recognized repeatedly that the common-law rule of construction yields to a faint glimpse of a contrary intent (2 Jarman, Wills [1st Am. ed. 1845] 111; Ferrer v. Pyne, 81 N. Y. 281, 284; Matter of Farmers Loan & Trust Co., 213 N. Y. 168, 173-174; Central Hanover Bank & Trust Co. v. Pell, 268 N. Y. 354). Here the evidence of intent is much more apparent than many of the obscure glimpses which at times have been relied upon to avoid the inequity of the old rule. There is no basis to assume that this testatrix who deliberately excluded issue of a living child, and thereby bequeathed a portion of her estate per stirpes, intended to exhibit a more generous attitude toward other descendants who were unknown to her because unborn at the time of her death. The testatrix must be credited with a consistent plan in disposing of her property rather than to be charged with an intention to deprive some of her known grand *411 children of a share of her estate and to favor later born persons in the line of descent.
The court construes the words “ the issue of those of my children who may be dead ” as requiring a distribution to such issue per stirpes.