GORDON GERMAINE, as Committee of ANN B. GERMAINE, an Incompetent Person, and as Administrator of the Estates of EDWARD BURNS, ANN BURNS, EDITH McGOWAN and MARION BURNS, Deceased, et al., Respondents.

476

(Submitted October 2, 1935; decided October 22, 1935.)

*John J. Bennett, Jr.*, Attorney-General (*Arthur T. McAvoy* and *Henry Epstein* of counsel), for appellant. The decree of 1920 fully and finally adjudicated the rights, claims and interests of the respondents to the funds in question. (*Staples* v. *Mead*, 152 App. Div. 745; *Matter of Von Bernuth*, 127 Misc. Rep. 705; *Kirk* v. *McCann*, 117 App. Div. 56; *Mangam* v. *City of Brooklyn*, 98 N. Y. 585; *Brackett* v. *Harvey*, 25 Hun, 502; *Altman* v. *Hofeller*, 152 N. Y. 498; *Matter of Hodgman*, 140 N. Y. 421; *Crabb* v. *Young*, 92 N. Y. 56; *Fitzgerald* v. *Topping*, 48 N. Y. 438.) The right to recover not existing in 1920, the 1929 amendment (L. 1929, ch. 518) was not retroactive. (*Jacobus* v. *Colgate*, 217 N. Y. 235; *MacAffer* v. *Boston & Maine Railroad*, 242 App. Div. 136; *People ex rel. Collins* v. *Spicer*, 99 N. Y. 233.)

*Samuel Berzick* for respondents. The decree of 1920 did not finally adjudicate the claim to the fund deposited

with the State Treasurer. (*Joseph* v. *Herzig*, 198 N. Y. 456; *Penny* v. *Dickerson*, 85 N. Y. 345; *Matter of Eisner*, 129 Misc. Rep. 106; *Jenkins* v. *Mollenhauer*, 105 Misc. Rep. 15; 193 App. Div. 893; *Matter of Peck*, 131 App. Div. 81; *Matter of Haggerty*, 126 Misc. Rep. 769; *Van Camp* v. *Fowler*, 133 N. Y. 600; *Matter of Eaton*, 125 Misc. Rep. 629; 217 App. Div. 704; *Matter of Rowe*, 197 App. Div. 449; 232 N. Y. 554; *Matter of Whitbeck*, 22 Misc. Rep. 494; *Matter of Hunt*, 41 Misc. Rep. 72; *Buhler* v. *Hubbell*, 56 Hun, 450; *Stannard* v. *Hubbell*, 123 N. Y. 520; *Matter of Watson*, 144 Misc. Rep. 213; *Sweeney* v. *Warren*, 127 N. Y. 426; *Fribourg* v. *Emigrant Industrial Sav. Bank*, 168 App. Div. 816; *Brantingham* v. *Huff*, 43 App. Div. 414; *Woolley* v. *Stewart*, 169 App. Div. 678; 222 N. Y. 347; *Reynolds* v. *Reynolds*, 167 App. Div. 90; 224 N. Y. 429; *McGillis* v. *McGillis*, 154 N. Y. 532.) The fund in the hands of the State Treasurer, was " not distributed on the first day of May, nineteen hundred and twenty-nine." (*Matter of Maltbie*, 184 App. Div. 743; 226 N. Y. 641; *Matter of Bergamini*, 136 Misc. Rep. 118; *Thomson* v. *Tracy*, 60 N. Y. 174; *Matter of Irving*, 153 Misc. Rep. 807.) There was a right in 1920 in these next of kin, and the 1929 law was retroactive by express legislative terms and by the general principles of law that remedial statutes are retroactive. (*Matter of Irving*, 153 Misc. Rep. 807; *Matter of Leslie*, 92 Misc. Rep. 663; 175 App. Div. 108; *Matter of Watson*, 161 N. Y. Supp. 875; *Matter of Peer*, 138 Misc. Rep. 247; 232 App. Div. 872; *Deuscher* v. *Cammerano*, 256 N. Y. 328; *Laird* v. *Carton*, 196 N. Y. 169; *Lazarus* v. *Met. El. Ry.*, 145 N. Y. 581; *Matter of Bachmann*, 151 Misc. Rep. 761; *Archer* v. *Equitable Life Assur. Society*, 218 N. Y. 18; *Allen* v. *Stevens*, 161 N. Y. 122.)

CRANE, Ch. J. The decedent, Carl L. Chamberlin, died intestate on the 8th day of August, 1911. He left him surviving no widow, no children or other next of kin.

His wife, Nellie B. Chamberlin, had predeceased him. Administrators were thereafter duly appointed, and on the 5th day of January, 1920, their accounts were judicially settled and they were discharged.

The decree of the Surrogate settling the accounts and discharging the administrators provided that personal property of the value of $4,526.04 should be distributed to the next of kin of the said Nellie B. Chamberlin, as Carl L. Chamberlin, the deceased, had received this amount from his wife. The decree further provided that the balance of the estate, which amounted to $5,625.72, should be paid into the State treasury for the benefit of the person or persons " who may thereafter appear to be entitled thereto." This direction was in accordance with the provisions of section 2740 of the Code of Civil Procedure, then in effect, now section 272 of the Surrogate's Court Act. This act reads: " Where the person entitled to a legacy or distributive share is unknown, the decree must direct the executor, administrator, guardian or testamentary trustee to pay the amount thereof to the comptroller of the state [treasurer], for the benefit of the person or persons who may thereafter appear to be entitled thereto."

As the law stood at the time of this decree and the distribution of the estate, the deceased's wife's next of kin could not inherit from the husband. Nellie B. Chamberlin's relatives had no interest in, or claim to the estate of Carl L. Chamberlin except as to that amount which had come from or through his wife. This amount they received. It was declared to be $4,526.04, which was distributed to them by the decree of January 5, 1920, and was found by that decree to be the full and only amount to which they were entitled. The balance was paid into the office of the State Treasurer as no next of kin of Carl L. Chamberlin were known to exist. The words in the decree followed the words of the statute in saying that the treasurer was to hold the money for the

benefit of the person or persons who may thereafter appear to be entitled thereto, which means entitled thereto, according to the law as it existed at the time of Chamberlin's death.

Later the Legislature changed the law of distributions by amendments to the Decedent Estate Law (Cons. Laws, ch. 13). Chapter 174 of the Laws of 1930 reads as follows (amending subdivision 15 of section 83 of the Decedent Estate Law): " If there be no husband or wife surviving and no children, and no representatives of a child, and no other distributees, and no child or children of the husband or wife of the deceased, then the whole shall descend and be distributed equally to the next of kin of the husband or wife of the deceased, as the case may be, and such next of kin shall be deemed next of kin of the deceased for all the purposes specified in this article or in article seven hereof." This section, of course, has no retroactive effect and had no effect upon the distribution made by the decree in the estate of Chamberlin the 5th day of January, 1920. This act of 1930 (§ 10), however, specifically repealed chapter 518 of the Laws of 1929, which had in it, as subdivision 16 of section 98, the following:

" 16. If there be no husband or wife surviving and no children, and no representatives of a child, and no next of kin, and no child or children of the husband or wife of the deceased, then the whole surplus, *including the surplus of any estate not distributed on the first day of May, nineteen hundred and twenty-nine*, shall be distributed equally to and among the next of kin of the husband or wife of the deceased, as the case may be, and such next of kin shall be deemed next of kin of the deceased for all the purposes specified in this article or in the surrogate's court act."

It is apparent at once that chapter 174 of the Laws of 1930, in repealing chapter 518 of the Laws of 1929, struck out of the prior law the words above italicized.

The next of kin of Chamberlin's wife, Nellie Chamberlin, have presented a petition to the Surrogate's Court of Greene county, pursuant to the provisions of section 272 of the Surrogate's Court Act, claiming that they are now entitled to the money in the hands of the State Comptroller, that by chapter 518 of the Laws of 1929, above quoted, they became the next of kin of Carl L. Chamberlin, and that the act making them such related back to take in the estate settled January 5, 1920, because of the words " including the surplus of any estate not distributed on the first day of May, nineteen hundred and twenty-nine."

We do not think the Legislature intended to open up all estates which had been settled and distributed so that by this act a wife's next of kin could get moneys from the State Treasurer or the Comptroller, theretofore deposited under decrees settling husbands' estates according to prior laws. How far such an interpretation of this act would take us we do not know. These words have reference to estates which are in a process of settlement as to which there has been no final accounting and no distribution on a final accounting. They have no reference to estates where the moneys had been distributed and the administrators discharged. The decree of 1920 distributed Chamberlin's estate, giving to the wife's next of kin their money and directing the balance of the estate to be paid to the State Treasurer for the benefit of the persons who may appear thereafter to be entitled thereto, i. e., entitled according to the law as it existed at the time of the decree or death of Chamberlin. Nothing could change this except a subsequent law. When, therefore, the Legislature did change the law of distribution, making the wife's next of kin also those of the husband, it should have been very specific and exact in its language, as in *McGillis* v. *McGillis* (154 N. Y. 532), if the intention were to make this relationship apply to estates settled prior to its enactment. We are of the opinion that the plain meaning of the words, " not distributed on the first

day of May, nineteen hundred and twenty-nine," has reference to estates in the process of settlement where no final decree of accounting has been entered.

The order of the Appellate Division should be reversed, and the decree of the Surrogate affirmed, with costs in all courts payable out of the estate.

LEHMAN, O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Ordered accordingly.