In the Matter of the Estate of CHARLES W. PARK, Deceased.

Surrogate's Court, Westchester County, March 17, 1936.

*Stewart & Shearer* [*Carrington G. Arnold* of counsel], for the substituted trustee, United States Trust Company of New York.

*Roger Sherman*, for Joseph F. Park, Jr., and Waring Park.

*Arthur R. Wilcox*, special guardian.

SLATER, S. This proceeding is brought to settle the accounts of the substituted trustee as well as to construe the will of Charles W. Park.

The will of Charles W. Park was admitted to probate in Westchester county on September 2, 1892. The testator by paragraph thirteenth of his will provided:

" *Thirteenth.* All the rest, residue and remainder of my estate, real and personal, that I may be seized and possessed of or entitled to at the time of my death, I give, devise and bequeath to my brother Joseph Park, my nephew Hobart J. Park and my friend Abner B. Mills of Rye, Westchester County New York, as joint tenants and not as tenants in common, to have and to hold the same upon the trusts and for the uses and purposes hereinafter mentioned, that is to say: * * *

" 3. To set apart and invest the sum of Fifty Thousand Dollars for each of my children Mary E. Park, Joseph F. Park, Charles W. Park and Abbie T. Park and pay over the income arising from each of the said funds to the child for whom the same is invested for and during the term of the natural life of said child.

" Upon the deaths of my said four children as they shall respectively occur, I direct my said trustees to pay over the whole of the fifty thousand dollars invested for the benefit of the child so dying, in equal shares, to his or her lawful issue; but in case either of my said children shall die leaving no lawful issue him or her surviving, then I direct my said trustees to pay over the whole of the fifty thousand dollars invested for the benefit of the child so dying to my then surviving children and the issue of any deceased child — the issue of any deceased child to take the share his, her or their parent would have taken had he or she been living.   *   *   *

" 5. All the rest, residue and remainder of my said estate, I direct my said trustees to divide into five equal parts and to set apart one of said parts for each of my said five children Emily Park Requa, Mary E. Park, Joseph F. Park, Charles W. Park and Abbie T. Park and to pay over to each of my said children, for and during the term of his or her natural life, the income or profit arising from the share so set apart for his or her benefit.

" Upon the deaths of my said children as they shall respectively occur, I direct my said trustees to pay over the part of my estate so set apart for the child so dying, to his or her lawful issue in equal shares: but in case any of my said children shall die leaving no lawful issue him or her surviving, then I direct my said trustees to pay over the part of my estate set apart for the child so dying to my then surviving children and the issue of any deceased child — the issue of any deceased child to take the share his, her or their parent would have taken had he or she been living."

Joseph F. Park, one of the life beneficiaries, died December 13, 1935, leaving him surviving two children, Joseph F. Park, Jr., a son who has three infant daughters, and Waring Park, a son who has one infant daughter.

There is a question before the court in the matter of the construction as to whether the fund should be distributed *per capita*, one-sixth to each child and one-sixth to each grandchild, or *per stirpes*, one-half to each child.

The testator's intention is the guiding star in construction cases. The word " issue " when used in a will must be given its primary interpretation as including " descendants." The word " issue " is of even broader import than " descendant " and may include children of living parents. (*Matter of Schuster*, 111 Misc. 534,

540.) It is settled that under a gift to issue, when the word is used without any terms in the context to qualify its meaning, the children of the testator and the issue of such children, although the parent is living, as well as deceased children, take *per capita* and not *per stirpes*. This is where the word "issue" is used in its legal sense. (*Petry* v. *Petry*, 186 App. Div. 738; affd., 227 N. Y. 621.) It is only when there are doubts that the word "issue" is used in another than its legal sense, does not comprehend all persons in the line of descent from the ancestor, and has not the same meaning as "descendants" that the presumption is overcome. (*Soper* v. *Brown*, 136 N. Y. 244; *Matter of Durant*, 231 id. 41.) This rule of law yields to a very faint glimpse of a different intention. (*N. Y. Life Ins. & Trust Co.* v. *Winthrop*, 237 N. Y. 93, 105.)

We ascertain the testator's intention within the four corners of the will. The testator provided that in case any child should die without leaving lawful issue, then the trustee should pay over the whole of the trust fund to the testator's then *surviving children* and the issue of any deceased child, the issue of any deceased child to take the share his or her parent would have taken if she or he had been living.

The court holds that this direction of the testator reveals that "faint glimpse of a different intention" which will justify a departure from the rule so that the distribution of his estate should be made *per stirpes* and not *per capita*. The decision herein may well rest upon the recent case of *Central Hanover Bank & Trust Co.* v. *Pell* (268 N. Y. 354, 358, 359).

Submit decree in accordance with this decision.