In the Matter of the Estate of PATRICK MOYNAHAN, Deceased.

Surrogate's Court, New York County, March 18, 1936.

*Nathan A. Goldenthal,* for the petitioner.

*Paul Windels, Corporation Counsel,* for the respondent.

FOLEY, S. This is an application by Ellen Crane to direct the payment of certain moneys deposited in the city treasury of the city of New York by the public administrator in the sum of $204.73, pursuant to a decree of this court made on April 26, 1893, in a final accounting proceeding. Under the decree, the amount was deposited to the credit of unknown next of kin of the decedent. The petitioner here claims to be a niece by blood of the decedent.

The city of New York resists the application in its first defense upon the ground that the funds are not now in the possession of the city comptroller (in his capacity as city treasurer), but were transmitted by one of his predecessors to the Comptroller of the State of New York. This defense is overruled. It has been clearly established that the funds were actually paid over to the comptroller of the city of New York. The certificate of the State Comptroller in evidence conclusively proves that the funds were never transmitted to his office.

Upon the main question, however, as to the status of the petitioner as a next of kin of the decedent, it has been shown that she was merely a niece by marriage and not a niece by blood of the decedent. At the time of the latter's death on February 5, 1892, our Statute of Distribution did not permit the relatives of a deceased spouse of a decedent to inherit personal property where there were no next of kin of the blood of the decedent. The first statute which permitted that method of inheritance of personal property was enacted by chapter 410 of the Laws of 1901 (Code Civ. Proc. former § 2732, subd. 16, later Dec. Est. Law, § 98, subd. 16). It was, however, limited to property received by the decedent from the deceased husband or wife. The latter limitation was eliminated by the amendment to former section 98, subdivision 16, of the Decedent Estate Law by chapter 518 of the Laws of 1929 and is now embodied in subdivision 15 of section 83 of the Decedent Estate Law. The next of kin of a person within the meaning of our Statute of Distribution are those persons who were the decedent's next of kin, as defined by the statute in existence at the time of his or her death. (*Clark* v. *Cammann,* 160 N. Y. 315; *Doane* v. *Mercantile Trust Co.,* Id. 494; *McGillis* v. *McGillis,* 154 id. 532, 541; *Matter of Irving,* 153 Misc. 807; *Matter of Germaine,* 268 N. Y. 475.) Since the petitioner in her status is a niece by marriage of the decedent and not within the statutory class of next of kin under the law applicable at the time of the death of the decedent in 1892, her present application must be denied. Any subsequent changes in the law

creating a broader or different group of distributees entitled to take intestate property cannot be employed to aid a person by retroactive effect unless the language of the statute is specific and exact in its application. (*Matter of Germaine*, 268 N. Y. 475, 480.) It is also beyond the province of the Legislature where property is vested by intestacy in one class of persons to attempt to divest their property rights and to substitute a different class. (*People v. Powers*, 147 N. Y. 104, at p. 109; *White* v. *Howard*, 46 id. 144.)

Submit order on notice accordingly.