In the Matter of the Accounting of BANKERS TRUST COMPANY et al., as Trustees under the Will of JOHN T. WARING, Deceased, Respondents.

LESLIE A. WARING et al., Appellants.

JESSIE T. WARING, Individually and as Executrix of JOHN T. WARING, JR., Deceased, et al., Respondents.

Argued May 18, 1937; decided July 13, 1937.

*Joseph S. Robinson* for appellants. Article 3 of the Decedent Estate Law (Cons. Laws, ch. 13), as amended by chapter 229 of the Laws of 1929, effective September 1, 1930, reclassifying heirs at law and next of kin, was intended to specify the distributees in cases of intestacy. The law, however, even if applicable to wills, is not retroactive and, therefore, cannot affect the will of John T. Waring, Sr., which was probated in the year 1907. (*United States Trust Co.* v. *Miller*, 57 Misc. Rep. 500; *Burns* v. *Burns*, 190 N. Y. 211; *Matter of Chalmers*, 264 N. Y. 239; *Matter of Germaine*, 268 N. Y. 475; *Nelson* v. *Russell*, 135 N. Y. 137.) The estate vested in those persons who answered the description " next of kin " immediately upon the testator's death in the year 1907. The intention of the testator as gathered from the entire will was to confine the disposition of his estate entirely to those of his own blood and to permit no part of his property to go elsewhere. (*Matter of Ossman* v. *Von Roemer*, 221 N. Y. 381; *Matter of Leonard*, 143 Misc. Rep. 172; *Matter of Gates*, 239 App. Div. 666; *Connelly* v. *O'Brien*, 166 N. Y. 406; *Matter of Rossiter*, 254 N. Y. 583; *Cammann* v. *Bailey*, 210 N. Y. 19; *Nelson* v. *Russell*, 135 N. Y. 137; *Hersee* v. *Simpson*, 154 N. Y. 496; *Matter of Evans*, 234 N. Y. 42; *Matter of White*, 263 N. Y. 576; *Matter of Rowland*, 139 Misc. Rep. 335; *Trowbridge* v. *Coss*, 126 App. Div. 679; 195 N. Y.

596; *Wadsworth* v. *Murray*, 161 N. Y. 274; *Fell* v. *McCready*, 236 App. Div. 390; *Carr* v. *Smith*, 161 N. Y. 636; *Matter of Bump*, 234 N. Y. 60; *Keteltas* v. *Keteltas*, 72 N. Y. 312.)

*Stewart W. Rowe* and *Charles C. Fenno* for Jessie T. Waring, respondent. In the absence of a contrary intention expressed in the will, a gift to "next of kin" imports a reference to the statute. (*New York Life Ins. & Trust Co.* v. *Winthrop*, 237 N. Y. 93; *New York Life Ins. & Trust Co.* v. *Hoyt*, 161 N. Y. 1.) The remainder was contingent and vested on the life tenant's death. (*Doctor* v. *Hughes*, 225 N. Y. 305; *Arnot* v. *Arnot*, 75 App. Div. 230; *Matter of Kingsbury*, 192 App. Div. 206; *Schlereth* v. *Schlereth*, 173 N. Y. 444; *Matter of Crane*, 164 N. Y. 71; *Matter of Evans*, 234 N. Y. 42; *Matter of Baer*, 147 N. Y. 348; *New York Life Ins. & Trust Co.* v. *Winthrop*, 237 N. Y. 93; *Salter* v. *Drowne*, 205 N. Y. 204.) A distribution pursuant to the statute in effect at the date of death of the life beneficiary does not involve retrospective application of that statute. (*Whittemore* v. *Equitable Trust Co.*, 162 App. Div. 607; *Cox* v. *Hart*, 260 U. S. 427; *Gilliam* v. *Guaranty Trust Co.*, 186 N. Y. 127; *Matter of Angarica*, 157 Misc. Rep. 98; *Matter of Scudder*, 156 Misc. Rep. 633; *Matter of Canfield*, 136 Misc. Rep. 551; 256 N. Y. 610.) The division of the fund should be made in accordance with the statute. (*New York Life Ins. & Trust Co.* v. *Winthrop*, 237 N. Y. 93; *United States Trust Co.* v. *Nathan*, 112 Misc. Rep. 502; *Matter of Foster*, 242 App. Div. 796; 270 N. Y. 624.)

RIPPEY, J. John T. Waring, Sr., died in 1907, a resident of Westchester county, New York, leaving a last will and testament dated June 20, 1899, and two codicils dated respectively October 24, 1899, and December 13, 1901, which were admitted to probate by the Westchester County Surrogate on March 7, 1907. Therein the testator

set up a trust from which his executors were directed to pay to his son, John T. Waring, Jr., and to others the income during his son's lifetime. He further provided that " as to the distribution of the capital of the said trust fund, upon the death of the said John, I direct the said trustees to pay the same over to the lawful descendants if any, of the said John, in equal shares, *per stirpes* and not *per capita*, and if there be no such descendants to the next of kin of the said John, according to the laws of the State of New York."

John T. Waring, Jr., died June 18, 1935, leaving a widow, Jessie T. Waring, but no descendants surviving. He also left three sisters, and certain nephews, grandnephews, nieces and grandnieces, as his only next of kin. Thereupon, the trustees petitioned for a final judicial settlement of their accounts and requested that the provisions of the will of John T. Waring, Sr., be construed so as to determine who were the distributees of the capital of the trust fund created for the benefit of the said son and the proportions thereof to which the various distributees were entitled. The Surrogate held that there was no vesting of the corpus of the trust until the death of the life beneficiary and that it should be distributed in accordance with the provisions of subdivision 4 of section 83 of the Decedent Estate Law (Cons. Laws, ch. 13) in force at the time of the death of the son, under which the widow should receive $10,000 plus one-half of the residue, and the surviving sisters and the descendants of two deceased sisters and of a deceased brother of the life beneficiary the balance. From the decree of the Surrogate the descendants of a deceased brother who would be entitled to one-sixth of the residue should the widow not inherit appealed to the Appellate Division, second department, where the decree was unanimously affirmed. The appeal of those distributees comes to us by permission of this court.

The testator provided that, upon the death of his son without descendants, the trustees should pay the corpus

of the trust to the " next of kin " of the son " according
to the laws of the State of New York." The gift was to
a definitely defined class whose membership as well as
the extent and quality of their interest were to be deter-
mined by the laws in force defining membership in that
class at the time of the son's death. (*New York Life
Ins. & Trust Co.* v. *Winthrop*, 237 N. Y. 93; *Matter of
Canfield*, 256 N. Y. 610.) It is claimed that the Legisla-
ture has made the widow of the son a member of that
class. By amendments to the Decedent Estate Law by
section 6 of chapter 229 of the Laws of 1929 (in effect
September 1, 1930), it was provided that " All existing
modes, rules and canons of descent are hereby abolished.
* * * All distinctions between the persons who take
as heirs at law or next of kin are abolished and the descent
of real property and the distribution of personal property
shall be governed by this article except as otherwise
specifically provided by law." (Decedent Estate Law,
§ 81.) By an amendment contained in the same act of
the Legislature, which also went into effect on September
1, 1930, it was provided that the distributees of the
personal property of a deceased person, should he die,
intestate, should be his widow, who would take $10,000
plus one-half of the residue, and his brothers and sisters
and their representatives, who would take the balance.
(Decedent Estate Law, § 83, subd. 4; Laws of 1929,
ch. 229, § 6.) But by the express terms of the act, those
amendments apply " only to the estates or wills of persons
dying after August thirty-first, nineteen hundred and
thirty; and the provisions of law affected by such sections
in force prior to the taking effect of this act shall apply
to the estates and wills of all persons dying prior to
September first, nineteen hundred and thirty, with the
same force and effect as if they were not hereby amended."
(Laws of 1929, ch. 229, § 21.)

The amendments are not retroactive. (*Matter of
Germaine*, 268 N. Y. 475.) It was not the estate of the
son which passed at his death, nor did it pass by his will.

The estate to be distributed at the death of the son was the estate of the father passing under the father's will. The Legislature has, by means of the saving clause, exempted from the operation of the other amendments to which reference has been made the distribution of an estate such as is involved in the case at bar, had they otherwise been applicable.

Furthermore, by abolishing the distinction between " next of kin " and " heirs at law," the Legislature did not extend the class embraced within " next of kin " to include other than blood relatives. No such purpose or intent can be spelled out of the provisions of section 20 or from other provisions of the act. In addition to the provisions of section 81 of the Decedent Estate Law above quoted, that section, as amended by section 2 of chapter 174 of the Laws of 1930, also provided that "the determination of the degrees of consanguinity of distributees of real and personal property shall be uniform, and shall be in accordance with the rules *as applied immediately before the taking effect of this section to* the *determination of the next of kin of an intestate leaving personal property.*" (Italics ours.) This is equivalent to saying that the next of kin class includes only blood relatives. That is what the law provided before September 1, 1930. What the Legislature did say was that when the expressions heirs, heirs at law, next of kin, or distributees are used *in any statute* affecting the descent of real property or the distribution of personal property where intestacy exists, no distinction between them may be recognized and descent of real property and distribution of personalty must be governed by the provisions of article 3 of the Decedent Estate Law, as amended by section 6 of chapter 229 of the Laws of 1929 and by section 2 of chapter 174 of the Laws of 1930, except as otherwise specifically provided by law. (Cf. *Matter of Chalmers,* 264 N. Y. 239.) Nothing to the contrary was decided by this court in *Matter of Canfield* (256 N. Y. 610). Albert Canfield died in

1879 leaving a will which was probated May 20, 1879. By the terms of the will he gave the life use of the entire estate to his wife with a provision that, at her death, the trust estate be divided into four equal parts. As to one of those parts the deceased created a trust for the benefit of his son, Robert B. Canfield, for life, with directions to his executor to transfer, upon the son's death, one-fourth of the remainder to the son's wife and the balance to " his heirs at law and next of kin." The son died April 29, 1929, leaving surviving a wife, two brothers and a grandson of his deceased sister. The question presented was as to " who are to take as next of kin of a life beneficiary who died in 1929, under the will of a testator who died in 1879?" Prior to 1898, when property went to brothers and sisters, representation as " next of kin " ceased with children of deceased brothers and sisters. (Code Civ. Proc. § 2732, subds. 5, 10, 11 and 12.) In 1898, section 2732, subdivision 12, of the Code of Civil Procedure, was amended to admit among collaterals those allowed by law to inherit real estate. By section 287 of the Real Property Law (General Laws, ch. 46 [now Dec. Est. Law, § 87]; Laws of 1896 [vol. 1], ch. 547, p. 620), grandnephews and grandnieces were brought within the class of collaterals entitled to inherit real property of an intestate leaving no descendants but leaving brothers and sisters and descendants of deceased brothers or sisters surviving. By amendment to subdivision 12 of section 2732 of the Code of Civil Procedure, in effect May 18, 1905, representation among collaterals was limited to brothers and sisters and their descendants. This court held in the *Canfield* case that the next of kin consisted of those in the class entitled to inherit as such in 1929 and was not " confined to the limited class fixed by the statutes of this state previous to 1905." There was no decision to the effect that the " next of kin " class could be extended to include other than relatives of the blood. Thus, in the case at bar, the " next of kin " of John T. Waring, Jr., is to be deter-

mined according to the rules as applied immediately before September 1, 1930, the date when the act of 1929 took effect.

That result is in exact accord with the intent of the testator. John T. Waring, Sr., left a substantial estate and created trusts for his children other than his son John. His intent as to all those who should participate in the distribution of his estate is clear. With care and precision he provided that the bulk of the income from the trusts and the entire corpus of his estate should pass to his blood relatives. In the case of the trust to the son, he defined these blood relatives as the next of kin of the son. There is no meaning to be assigned to " next of kin " except the class constituting blood relatives. That is the primary signification of the expression (28 R. C. L. 254; *Slosson* v. *Lynch*, 43 Barb. 147; *Tillman* v. *Davis*, 95 N. Y. 17, 24), and at no time has the wife of a son been within that class. The use of that expression by the testator to define and limit the class to whom the remainder of the trust should pass was intentionally and understandingly made and was distinctly to exclude the wife of the son. He meant that distribution should be made to that class only. The law includes within that class only blood relatives as the class might be enlarged or diminished at the time of the son's death by the laws of the State of New York then in force. He did not say or intend to say that the residue was to be distributed to those who would be entitled to inherit under the Statute of Distribution existing at that time. He specifically said it should go to his " next of kin." No matter to whom his estate might otherwise go at that time under any statute relating to the distribution of the estate of an intestate, he limited the passing of his property to relatives of the blood, viz., to his " next of kin."

Had the testator here said merely that the remainder should pass according to the laws of the State of New York in effect at the time of the death of the son, distribu-

tion under the provisions of section 83, subdivision 4, of the Decedent Estate Law might have been made. He did not say so, nor did he intend to so provide, and the widow of John T. Waring, Jr., is not included as a subject of the testator's bounty.

The order of the Appellate Division and the decree of the Surrogate's Court should be reversed in so far only as the interests of the appellants are affected thereby, with costs in all courts to the appellants and to the trustees, payable out of the estate, and the matter remitted to the Surrogate's Court to proceed in accordance with this opinion.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur.

Ordered accordingly.