In the Matter of the Estate of GEORGE G. LAKE, Deceased.

Surrogate's Court, New York County, April 1, 1939.

*Humes, Buck, Smith & Stowell* [*Ralph P. Buell* and *William H. Hall* of counsel], for the petitioner.

*Alexander & Green* [*Clifton P. Williamson* and *David R. Blossom* of counsel], for the trustees.

*Curtis, Mallet-Prevost, Colt & Mosle* [*Creswell M. Micon* and *Eugene W. Goodwillie* of counsel], for the respondents.

FOLEY, S. In this construction proceeding questions arise as to the ascertainment of the persons entitled to take the remainder of a trust created by the will. The testator directed the creation of a trust with income to be paid in the proportions of one-third to his wife during her life and the other two-thirds to his son, Henry S. Lake. His will was executed in 1882. He died in 1884. The widow and son both survived him. She died on January 9, 1919.

Under the terms of paragraph fourth, after the death of his mother, the son became entitled to the entire income of the fund. He died on June 24, 1938. The direction of the testator for distribution of the remainder is as follows: "From and after the death of both my wife and my said son I give devise and bequeath the said share to the heirs-at-law of my said son."

The questions to be determined are:

(1) Was the wife of the son intended to be included within the group of his "heirs at law?"

(2) Does the rule of interpretation recently restated in *Matter of Waring* (275 N. Y. 6), that the words next of kin or heirs at law when used as to a class of remaindermen exclude the spouse and limit the class of takers to relatives of the blood apply here?

(3) Did the enactment of section 47-c of the Decedent Estate Law, which became effective on March 28, 1938, before the death of the son, change the rule in *Matter of Waring* (*supra*) as to wills executed before its enactment, and thereby permit the widow of the son to share in the remainder of the fund?

I hold that the rules of testamentary construction laid down by *Matter of Waring* apply here, that the will was not affected by the terms of section 47-c of the Decedent Estate Law, and that the widow of the son is not entitled to share in the fund.

In *Matter of Waring* the Court of Appeals had presented to it the construction of a will wherein the testator created a trust for the life of his son. Upon the death of the son there was a direction to pay over the remainder to the descendants of the son or, in the absence of such descendants, to the next of kin of the son "according to the laws of the State of New York." The testamentary plan was embodied in a will executed in 1899, a codicil executed in the same year, and a second codicil made in 1901. The testator died in 1907. The son, whose life measured the trust and whose next of kin were required to be determined, left a widow and no descendants. He also left three sisters and certain nephews and grandnephews, nieces and grandnieces as his next of kin.

The question involved was whether the widow of the son was entitled to participate in the distribution of the remainder. The

Court of Appeals held upon the more important phase of this decision that the terms of the will showed a purpose on the part of the testator to limit the class of the next of kin to relations of his own blood and thereby to exclude the widow of his son from the class of beneficiaries. The will and codicils were to be construed in the light of the judicial decisions existing at the time of the execution of the testamentary instruments in 1899 and 1901. Under these authorities a spouse was excluded from participation in a gift to the next of kin of a person. The will, however, might by express provision define the class of takers as those in the Statute of Distribution, including the spouse.

The court further considered the question as to whether the amendments made in the broad revision of 1929 on the recommendation of the Decedent Estate Commission were intended to change the prior rule of construction just stated. It was determined that these amendments were not retroactive and the court found express legislative intent in these statutory changes, and particularly in sections 20 and 21 of chapter 229 of the Laws of 1929 that the new definitions of " next of kin " did not affect a will executed before their enactment. That legislation became effective on September 1, 1930.

The Court of Appeals, however, went further in its construction of the new Statute of Descent and Distribution and held, possibly by way of dictum, that where the phrase " next of kin " was used in wills executed after September 1, 1930, the Legislature intended no change in the prior rule of the interpretation of wills and that the terms " next of kin," " heirs at law " or " distributees " excluded a wife or husband. Upon this phase of the case the language employed in the decision reads as follows: " Furthermore, by abolishing the distinction between ' next of kin ' and ' heirs at law,' the Legislature did not extend the class embraced within ' next of kin ' to include other than blood relatives. No such purpose or intent can be spelled out of the provisions of section 20 or from other provisions of the act. In addition to the provisions of section 81 of the Decedent Estate Law above quoted, that section, as amended by section 2 of chapter 174 of the Laws of 1930, also provided that ' the determination of the degrees of consanguinity of distributees of real and personal property shall be uniform, and shall be in accordance with the rules *as applied immediately before the taking effect of this section to the determination of the next of kin of an intestate leaving personal property.*' This is equivalent to saying that the next of kin class includes only blood relatives. That is what the law provided before September 1, 1930."

It will thus be seen that the Court of Appeals on the last phase of the case indicated that the new provisions of the Decedent Estate Law prescribed (1) only a rule of statutory construction in cases of intestacy, and (2) that even as to wills executed after September 1, 1930, the rule of construction was to be continued which excluded a spouse from a legacy or remainder given to next of kin or heirs at law. *Matter of Waring* was decided on July 13, 1937. At the 1938 session of the Legislature there was introduced a bill intended to alter the rule laid down in the last phase of that decision by the enactment of section 47-c of the Decedent Estate Law by chapter 181 of the Laws of 1938. The new section became a law on March 28, 1938. The legislative bill contained a note explanatory of the purpose of the new section, which is also printed in the Session Laws of 1938. In it the effect of the decision in *Matter of Waring* was pointed out. It was further stated that the " amendment proposed is designed * * * to establish beyond controversy that a surviving spouse is to be deemed included among distributees as they are deemed to be defined by the words ' heirs,' ' heirs at law ' and ' next of kin ' and the like." It was further set forth that the amendment was in line with the general purpose of the broad revision of the inheritance laws of 1929 and 1930 designed better to protect surviving spouses. Section 47-c of the Decedent Estate Law reads as follows: " Heirs at law and next of kin defined. When used in a statute, in a will or in any other written instrument prescribing the devolution of property rights and unless the statute, the will or the instrument shall expressly or impliedly declare otherwise the terms ' heirs,' ' heirs at law ' ' next of kin ' and ' distributees ' and any terms of like import shall be deemed and shall be construed to mean the distributees, including a surviving spouse, who are defined in section eighty-three of Decedent Estate Law."

The legislative intent as indicated in the section only changed the old rule as to wills and *inter vivos* deeds or other instruments for the devolution of property executed after its enactment. Those made before its effective date continued to be subject to the rule in *Matter of Waring*, that the words " heirs " or " next of kin " were to be interpreted in the light of the decisions applicable at the time of execution.

The legislative purpose of the new section was prospective and not retroactive. The will of George G. Lake here was executed before the effective date of section 47-c. Although the son, whose heirs are to take under it, died thereafter, the will must be construed under the canon of interpretation existing in the year 1882, when it was signed by the testator.

The widow of Henry S. Lake is not entitled, therefore, to any share of the principal of the trust which terminated upon his death. The surrogate holds that the entire fund vested exclusively in his two sons.

Tax costs and submit decree on notice construing the will accordingly.