In the Matter of the Petition of HOWARD W. MAXWELL and BROOKLYN TRUST COMPANY to Render and Settle Their Final Account as Trustees of Trusts Created for the Benefit of HENRIETTA F. LESTER under the Last Will and Testament of HENRY W. MAXWELL, Deceased, and for a Construction of Said Last Will and Testament. HOWARD W. MAXWELL and BROOKLYN TRUST COMPANY, as Trustees, etc., of HENRY W. MAXWELL, Deceased, and MAXWELL LESTER, JR., Respondents; E. IVAN RUBENSTEIN, as Special Guardian for MAXWELL LESTER, 3RD, Appellant.— Appeal from portions of a decree of the Surrogate's Court of Kings County construing a will. The essential question in the case is: What did the testator mean by the word " issue? " There are several dispositions in the will which exceed " a very faint glimpse of a different intention " (Matter of Durant, 231 N. Y. 41, 46) as stated in the general rule enunciated in Soper v. Brown (136 N. Y. 244). Reference is made particularly (1) to the gift to a niece Tillie Maxwell Whiting under the second subdivision of paragraph " Sixth " of the will, indicating an interchangeable use of the words " issue " and " children " and (2) to the gifts over to next of kin in subdivisions (1), (2), (3) and (4) of paragraph " Sixth." Decree, in so far as appealed from, affirmed, with costs to all parties filing briefs, payable out of the estate. Lazansky, P. J., Carswell and Close, JJ., concur; Adel, J., dissents, with the following memorandum: I dissent and vote to modify the decree, in so far as appealed from, by striking out the first two decretal paragraphs therein and by substituting in place thereof a direction that the distribution of the trust remainder shall be per capita to respondent

Maxwell Lester, Jr., and appellant, and as so modified, to affirm the decree. The arguments based on the conceded facts and circumstances in the case are about equally balanced, although the omission of the phrase, " *per stirpes* and not *per capita* " from the first subdivision of paragraph " Sixth " of the will is a sufficient circumstance to make the testator's intention clearly visible. The conclusion that the testator used the words " issue " and " children " interchangeably is not such " a very faint glimpse of a different intention " as to overcome the presumption favoring a *per capita* distribution. When the expression of intention is obscure, the best the court can do is to follow the rule of law which holds that the use of the word " issue " raises the presumption of an intention to distribute *per capita* in the case of a testator who died before the effective date of section 47-a of the Decedent Estate Law. (*Soper* v. *Brown*, 136 N. Y. 244; *Matter of Durant*, 231 id. 41.) This presumption is not overcome by evenly balanced evidence and *a fortiori* by evidence which bears toward a *per capita* intent. Taylor, J., concurs with Adel, J.