In the Matter of the Accounting of CITY BANK FARMERS TRUST COMPANY, as Trustee under the Will of MAURICE SELIGMANN, Deceased.

Surrogate's Court, New York County, October 29, 1952.

*Milton Lewine* for trustee, petitioner.

*Wilner & Sternberg* for Eleanor Whitehead and another, respondents.

*Charles H. Birdsall,* special guardian for Diana Whitehead and others, infants, respondents.

COLLINS, S. Upon this final accounting a construction of the will is sought. It provided that upon the death of any of testator's children the principal of the trust held for such child's benefit should be paid as such child appointed and in

default of such appointment to the surviving issue of such child. The testator's son George A. Seligmann failed to exercise this power of appointment and as a result the question arises whether " his issue " refers only to his children or whether it also includes his grandchildren whose parents are living. As testator died prior to April 30, 1921, section 47-a of the Decedent Estate Law is not applicable and determination of the " then surviving issue " of his son must be made according to common-law principles. At common law the presumption in this State favors a per capita distribution but the presumption yields to a " very faint glimpse of a different intention " (*Matter of Farmers' Loan & Trust Co.*, 213 N. Y. 168, 174). In provisions of his will other than the one in question testator spelled out an intention that his residuary estate descend per stirpes rather than per capita by providing that, if the trust beneficiary pre-deceased testator, the beneficiary's issue took by representation; that in the event of the death of any of testator's children before termination of his wife's prior life estate their " issue " would take what would have been the parent's share; and by the direction that upon the death of a life beneficiary payment should be made to his issue and if dying without issue to the brothers and sisters of the life beneficiary, the issue of any deceased brother or sister to take the share their parent would have taken had he survived the life beneficiary. All the above-mentioned provisions indicate testator's general intention to follow a per stirpes plan of distribution (*Central Hanover Bank & Trust Co. v. Pell*, 268 N. Y. 354). The argument that testator's failure to specify a per stirpes distribution in the event of the death of the life beneficiary leaving issue indicates a studied purpose on his part that in the latter circumstances the life beneficiary is to take per capita was rejected by the Court of Appeals in *Central Hanover Bank & Trust Co. v. Pell* (*supra*). Indeed, it is absurd to assume that testator after directing per stirpes distribution by express words three times would have rested on the common-law presumption of per capita distribution in the present case if that is what he really intended here. Equality of distribution was testator's dominant purpose as indicated by his repeated reference to distribution by representation (*Matter of Durant*, 231 N. Y. 41). Where as here surviving grandchildren are among the descendants but their children, great-grandchildren of the testator, were not in being when testator died, the word " issue " should not be extended beyond testator's grandchildren (*Chwatal v. Schreiner*, 3 Misc. 192, affd. 77 Hun

611, affd. 148 N. Y. 683). Accordingly the court holds that the remainder of the trust fund for the life of George A. Seligmann should be paid in equal shares to his children Maurice G. Seligmann and Eleanor Whitehead to the exclusion of the wards of the special guardian.

Submit decree on notice settling the account accordingly.