Boylan, S.
John H. Gans, the testator, died a resident of Richmond County on July 23, 1915, leaving a last will and testament dated June 21, 1915, which was admitted to prohate on August 14, 1915.
The first subparagraph of the third paragraph of said will directs that certain securities be divided into three parts, one of which was to be held in trust for the benefit of his wife for life, arid on her death to be divided amongst his issue in equal shares ‘ ‘ per stirpes and not per capita ’ the income to be paid to each of his issue for life and on the death of each issue the *213 share to be paid over “ to Ms or her next of kin ”. The second subparagraph provides that the remaining two-thirds part of the securities he divided into equal portions, one for each eMld surviving the testator. The trustees were directed to pay the income from each child’s share to the child for life. In the event any of his children died without issue, the testator directed that such cMld’s share be divided among the testator’s wife and issue in equal shares “ per stirpes and not per capita ”. If a child should die leaving issue, then Ms share was given “ to his or her said issue ”.
The testator left him surviving his widow and three children. The widow died in 1936 and all three of the children survived her. One of these children, Herbert R. Gans, died on December 13,1954, leaving a widow, three children and nine grandcMldren.
Due to the death of Herbert R. Gans, two questions of construction arise under paragraph third of the will of John H. Gans, (1) Does the use of the term “ next of kin ” in the first subparagraph of Paragraph Third mean that Marie M. Gans, the widow of Herbert R. Gans, has an interest in that portion of the trusts created under said subparagraph which terminates by reason of the death of Herbert R. Gans? (2) Does the use of the term “ said issue ” in the second subparagraph of Paragraph Third mean that the infant grandchildren of Herbert R. Gans have an interest, and if so, what interest in that portion of the trusts created under said subparagraph which terminates by reason of the death of Herbert R. Gans ?
Prior to 1929 a surviving spouse was not included in the term “ next of kin ” (Platt v. Mickle, 137 N. Y. 106; Tillman v. Davis, 95 N. Y. 17). In 1929 sections 81 and 83 of the Decedent Estate Law were amended so as to include a surviving spouse. Matter of Waring (275 N. Y. 6) held that the sections of the Decedent Estate Law afore-mentioned did not apply to wills and therefore a surviving spouse could not take a testamentary gift devised or bequeathed to “ next of kin ”. In 1938 section 47-c was added to the Decedent Estate Law which provided that the term 11 next of kin ’ ’ when used in a will included a surviving spouse. It has been held that this section is not retroactive and does not apply to a will of a testator who died before its effective date, March 28, 1938. (Matter of Cohn, 184 Misc. 258, affd. 271 App. Div. 775, affd. 297 N. Y. 536; Matter of Campbell, 190 Misc. 705.) It has also been held that it applies only to wills executed after its enactment (Trowbridge v. First-Stamford Nat. Bank & Trust Co., 182 Misc. 180, affd. sub nom. Trowbridge v. Trowbridge, 268 App. Div. 768, affd. 294 N. Y. *214 785; Rogers v. Rogers, 174 Misc. 841, affd. 262 App. Div. 798; Matter of Lake, 170 Misc. 840).
As the will herein was executed and the testator died many years prior to the effective date of section 47-c of the Decedent Estate Law, the court holds that the widow of Herbert R. G-ans cannot be considered as a “ next of kin ’ ’ and therefore has no interest in that portion of the trust to be distributed pursuant to the first subparagraph of paragraph “ Third ”.
The second question to be decided is whether the distribution to issue ’ ’ under the second subparagraph of paragraph third should be made per capita or per stirpes. If per capita, the distribution will be in twelfths, one twelfth to each of the children and grandchildren of Herbert R. Gans. If per stirpes, the distribution will be in thirds, one third to each of the sons of Herbert R. Gans.
Section 47-a of the Decedent Estate Law, which directs a per stirpes distribution unless a contrary intent is expressed in the will, only applies to bequests or devises by persons dying after the section went into effect in 1921.
Under the common-law rule the presumption was in favor of a per capita distribution, but the presumption yielded to “ ‘ a very faint glimpse of a different intention ’ ” (Ferrer v. Pyne, 81 N. Y. 281, 284; Vincent v. Newhouse, 83 N. Y. 505, 513; Bisson v. West Shore R. R. Co., 143 N. Y. 125). The courts ordered per stirpes distribution whenever there was slight evidence that the testator so intended, because such mode of distribution was more equitable and worked less hardships and inequalities (see Central Hanover Bank & Trust Co. v. Pell, 268 N. Y. 354).
In this third paragraph the testator provided for per stirpes distribution by express words twice. First he provided for a one-third share of the stock to be held in trust for his wife and on her death to be divided among his issue in equal shares, per stirpes. Then he divided the remaining two thirds of the stock “ into as many equal portions as I shall leave children me surviving ” with the provision that if any of his children should die without issue such child’s share was to be divided amongst his wife and issue “ in equal shares, per stirpes and not per capita ’ ’. He then provided that if any of his children died leaving issue, then such child’s share should go “to his or her said issue ”.
The above-mentioned provisions indicate to the court a general intention and scheme to follow a per stirpes plan of distribution. It is absurd to assume that testator, after directing *215 per stirpes distribution by express words twice, would have rested on the common-law presumption of per capita distribution in the present instance, if that is what he really intended (see Matter of Seligmann, 203 Misc. 124). Equality of distribution was testator’s dominant purpose as indicated by his references in the same paragraph to distribution by representation (Matter of Durant, 231 N. Y. 41).
The court feels that there is more than a faint glimpse of a contrary desire than for distribution per capita, that the presumption of per capita distribution has been overcome, and therefore holds that the infant grandchildren of Herbert R. Grans have no interest in that portion of the trust created under the second subparagraph of paragraph third, which terminated by reason of the death of Herbert R. Gians, and that the sons of the said Herbert R. Gians take in equal shares.
Enter decree in accordance herewith.