Harold A. Stevens, J.
This is a proceeding for judicial settlement of a trustee’s final account and it involves as well the construction of certain language appearing in the trust instrument. On May 10,1926, John L, McKinney, a resident of Pennsylvania, hereinafter called the Donor, by an agreement of that date executed between himself and Farmers Loan and Trust Company (now known as City Bank Farmers Trust Company, the petitioner herein) and Glenn Ford McKinney, herein called Trustees, created a trust naming John R. MacKinney as life income beneficiary, and providing that upon his death the Trustees should pay the principal of said trust to the living issue of John R. MacKinney per stirpes. The agreement provided further in the event that John R. MacKinney, hereinafter called the Beneficiary, should die without leaving lawful issue him surviving, 1 ‘ the said Trustees shall transfer, pay over and distribute the principal of the trust fund to and among the heirs at law of the Donor per stirpes and not per capita.” It is with the quoted provision that we are particularly concerned.
The agreement was executed and the trust property delivered in New York. The Donor died May 20, 1937, a resident of the State of Pennsylvania. At that time he left him surviving a widow, Aileen Ford McKinney, a daughter, Ida Ethelyn McKinney, and two grandchildren, the offspring of his son Glenn Ford McKinney, one of the Trustees herein, who died February 15, 1934. The grandchildren were the Beneficiary, John R. MacKinney, and Jean McKinney Connor.
Aileen Ford McKinney died a resident of the State of New York, on November 24, 1949, leaving a will which was admitted to probate November 30, 1949. Her executors, John Simpson Ford and City Bank Farmers Trust Company, have appeared in this proceeding and claimed a share of the trust principal.
The Beneficiary died March 8,1955, a resident of the State of New York, leaving him no issue surviving. His will was admitted to probate July 16, 1955, and his executors have by written instrument purported to convey any and all interest they might have to Jean McKinney Connor.
Ida Ethelyn McKinney, by written instrument dated May 24, 1956, transferred and assigned all of her interest to Jean McKinney Connor.
*212 The primary questions which we must determine are, is the widow an heir, and how shall the phrase “ heirs at law of the Donor ” be construed. Are such “ heirs ” to be determined as of the death of the life income beneficiary, as counsel for Jean McKinney Connor contend, or are the “ heirs ” determined as of the death of the Donor, as counsel for the estate of the Donor’s widow contend.
It is not disputed that in 1926, under Pennsylvania law, a widow was considered an heir. However, if the interest she might take depended upon (a) the termination of a prior vested estate, and (b) her membership at that time in a class such as “ heirs ” or “ next of kin ”, the statute then existing provided, in part, “ The same shall be construed as meaning the person or persons thereunto entitled at the time of the termination of the estate for years or for life ”, and not those who were heirs at the time of the donor’s death unless the donor expressly or by necessary implication directed otherwise (Pa. Laws 1923, No. 352, p. 914, § 1). If it be argued that the trust agreement in its contingent dispositive provisions was made in contemplation of existing Pennsylvania law, we cannot accept one phase and disregard the other. There is neither express direction or necessary implication to the contrary. However, in our opinion Pennsylvania law is not controlling here.
In the case before us the trust res was transferred and delivered over in New York and has since remained here. The Trustees were residents of the State of New York, and the life income beneficiary resided in New York. While, it is true, the Trustees were given permission to make such investments as were permitted to trustees of testamentary trusts or to savings banks by the laws of Pennsylvania, New York or Connecticut, that permission merely enlarged the permissible area of operations and was not indicative of Donor’s intent for eventual jurisdictional disposition. The Donor divested himself of all control of the securities and sought to benefit his grandson and the living issue of such grandson at the time of the Beneficiary’s death. Only in the event of the death of the Beneficiary without issue were the heirs at law of the Donor to be considered, and then per stirpes and not per capita. In the natural and normal course of events, if that eventuality occurred, the Donor would hardly have contemplated a wife or widow alive at that time, nor have made provision for her well-being dependent upon such a contingency.
While we say, generally, that the principles governing the interpretation of a trust instrument are the same as those gov *213 erning the interpretation of an instrument under which property is disposed of absolutely, as by will, yet there are occasions where a different intention may be inferred from the settlor’s words or conduct in light of all the attendant circumstances.
If this were a testamentary disposition of personalty, certainly the law of the testator’s domicile would prevail (Decedent Estate Law, § 47). But, as indicated above, we are of the opinion that this agreement must be governed by the law of New York. This is a trust of movables created inter vivos, and all of the securities were in, and have remained in, New York. The Trustees were and are here, and the trust has been administered here.
Looking, then, at the law as it existed, first at the time of the execution of the instrument, we find that a widow was not considered as included among distributees as “ deemed defined by the words 1 heirs ’ and ‘ heirs at law ’.” (See Decedent Estate Law, § 47-c, enacted in 1938, and notes of the Commission to Investigate Defects in the Law of Estates.) The law applicable would be the law existing at the time of the execution of the instrument, which was prior to the enactment of section 47-c, which has been held to have no retroactive effect. Added weight is given where, as here, the Donor died prior to the enactment of the section.
While sections 81 and 83 of the Decedent Estate Law, and the former Statute of Descent and Distribution, which they amended, would seem to have included a surviving spouse within the meaning of the terms “ heirs ” and “ heirs at law ”, the Court of Appeals held the contrary in Matter of Waring (275 N. Y. 6 [1937]).
But the Donor went one step further and provided that in the event the contingency occurred of the Beneficiary dying without issue him surviving, that the principal of the trust fund should be distributed among the “ heirs at law of the Donor per stirpes and not per capita ” (underscoring ours). It is interesting to note that the term “ issue ” was used in reference to the Beneficiary, with a provision for per stirpes distribution if such “ issue ” survived.
The fact that the Donor directed distribution to the Donor’s heirs- at law per stirpes indicated an intention to benefit the Donor’s blood descendants, since per stirpes (literally, through the stock by roots, by stock) referred to the blood line. While" the heirs of a person cannot be ascertained until his death, they being potential heirs prior thereto, yet where the reversionary interest is to a class, the members of that class cannot be ascertained until the termination of the prior estate. So far as they were concerned, they were unidentifiable and the estate was ip *214 futuro. In reality, a possibility of reverter existed until the Beneficiary died without issue.
We find and conclude that the interest of Ida Ethelyn McKinney in the trust was validly assigned and transferred over to Jean McKinney Connor; we find and conclude that the Executors and Trustees under the last will and testament of Aileen Ford McKinney, deceased, and the Executors of the last will and testament of John B. MacKinney, deceased, have no interest in the trust established by the Donor; that Jean McKinney Connor is the person entitled to the entire principal of the trust, and direct that payment be made to her.
The accounting is approved and allowed as filed, with costs and disbursements to the petitioner. Settle order on notice.