Joseph A. Cox, S.
In this accounting proceeding, the trustees ask that paragraph 7 of the testator’s will be construed. This paragraph provides for the establishment of three trusts, one for each of three daughters of a brother of the testator. The remainder is disposed of as follows: ‘ ‘ thereupon the said Trustees are directed to convey the corpus of the said trust fund to the issue, if any, of such deceased beneficiary ”.
The life beneficiary of one of these three trusts, Mabel Rees Coffin died on October 26, 1956 survived by two children and five grandchildren. The question is — should the corpus be distributed per stirpes to the two children of the life beneficiary, or should it be distributed per capita in seven equal parts to the two children and five grandchildren.
As testator died prior to April 30, 1921, section 47-a of the Decedent Estate Law does not apply and “issue” must be determined according to common-law principles. The common law of this State is said to favor a presumption of per capita distribution where such words as “ issue ” are used. However, the inclination to find otherwise has grown so great, that at the least evidence, faintest glimpse or excuse, the presumption yields and courts find that the testator manifested an intent to effect distribution per stirpes. (Matter of Farmers’ Loan and Trust Co., 213 N. Y. 168; Central Hanover Bank & Trust Co. v. Pell, 268 N. Y. 354; New York Life Ins. & Trust Co. v. Winthrop, 237 N. Y. 93; Matter of Durant, 231 N. Y. 41; Matter of Jones, 142 N. Y. S. 2d 405; Matter of Seligmann, 203 Misc. 124; Matter of Taylor, 112 N. Y. S. 2d 408; Matter of Eagan, 110 N. Y. S. 2d 438.)
The provision of testator’s will following the one under construction, sets up four more trusts for children of another brother. The testator’s general plan to provide income for his nieces and nephews by these two provisions is apparent. Significantly, the testator in disposing of the remainders of the second *995 group of trusts, expressly states that the issue of the life beneficiaries are to take ‘ ‘ per stirpes ’ ’. The argument that the testator’s failure to expressly direct a per stirpes distribution in the provision under construction, while making it in a latter provision, indicates a studied purpose to effect a per capita distribution, was rejected by the Court of Appeals in Central Hanover Bank & Trust Co. v. Pell (supra).
Testator’s intent to fix distribution by representation can be found in the substitutional gifts over in the event any of the life beneficiaries died without issue. There “issue” would mean per stirpes. It can be inferred that the same meaning was intended in both instances. (Matter of Good, 304 N. Y. 110.) Also the expressed intent in the latter provision can be carried over to the trusts under construction since both parts of the will provide for relatives of the same degree for whom similar gifts are made. (Matter of Lawrence, 238 N. Y. 116; Bank of N. Y. v. Allen, 190 Misc. 90.) Accordingly, the court holds that the remainder of the trust fund for the life of Mabel Rees Coffin be paid in two equal shares to the children.
Submit decree settling the account accordingly.