Maximilian Moss, S.
In this accounting proceeding a construction of testatrix’ will is sought as to the distribution of the remainder of a trust established under paragraph “Sixth” of the will, the pertinent portion of which reads as follows: “ Upon the death of either my daughter Lucy S. Fabre or my granddaughter Edith J. Evans leaving issue her surviving, then and in that case I do give and bequeath unto such issue the parents’ share ”.
Testatrix died on November 12, 1925 and her will was duly admitted to probate by this court on November 24,1925. Testatrix’ granddaughter Edith J. Evans died in 1936 and thereafter the surviving trustees obtained a judicial settlement of their account which disposed of the remainder interest held in trust for her benefit.' On January 19, 1957, testatrix’ daughter, Lucy S. Fabre, surviving life beneficiary of the principal remaining in the hands of the trustees, died. At the date of her death, said Lucy S. Fabre was survived by her son Henry S. Fabre, a granddaughter Diane Fabre Bryant, the child of her said only son, and two great grandchildren who were the issue of said granddaughter Diane Fabre Bryant.
The issue presented for the determination of the court is whether the gift to the “ issue ” of Lucy S. Fabre is limited to her son Henry S. Fabre, or is distributable among all of her surviving issue, namely, her son, her granddaughter and her great grandchildren and if so as to the shares of each in said remainder, and also whether the gift passes per stirpes or per capita.
Under the common-law rule, the word ‘ ‘ issue ’ ’, in the absence of other testamentary intent, included descendants in every degree, but such a rule yielded to a very faint glimpse of a different intention in the will (Matter of Good, 304 N. Y. 110, 116; Matter of Libby, 206 Misc. 723; Matter of Agar, 123 N. Y. S. 2d 186; Matter of Seligmann, 203 Misc. 124; Central Hanover Bank & Trust Co. v. Pell, 268 N. Y. 354; Matter of Farmers’ Loan & Trust Co., 213 N. Y. 168; Matter of Maxwell, 261 App. Div. 1104, affd. 286 N. Y. 591; Matter of Burke, 178 Misc. 684; *728 Matter of Park, 158 Misc. 866; Vincent v. Newhouse, 83 N. Y. 505; Ferrer v. Pyne, 81 N. Y. 281). The contents of the will in question offer more than a faint glimpse of the testatrix’ clear intention to have the remainder distributed per stirpes.
Furthermore, section 47-a of Decedent Estate Law, effective April 30, 1921, provides in part as follows: “ § 47-a. Issue to take per stirpes. If a person dying after this section takes effect shall devise or bequeath * * * property to the ‘ issue ’ of himself or another, such issue shall, if in equal degree of consanguinity to their common ancestor, take per capita, but if in unequal degree, per stirpes, unless a contrary intent is expressed in the will.”
The testatrix having died subsequent to the effective date of said statute and no contrary intent having been expressed in the will, the said statute is clearly applicable.
The will contains signs which point to the dominant intention of testatrix to benefit those closest to her. The use of the word “ parent ” discloses an intention to benefit only the child or children of her daughter Lucy and not her granddaughter and great grandchildren (Matter of Child, 58 N. Y. S. 2d 888; Matter of Littlefield, 110 N. Y. S. 2d 548, 550 and cases cited therein). This intention is also reflected in paragraph “ Third” of the will wherein testatrix created a trust for her grandson, the principal of which was to be paid to him at age 35 with remainder over to his mother if he predeceased her but in the event she predeceased him and he died before he attained the age of 35, then the fund was given to his heirs at law “ on his mother’s side ”.
The court determines that it was the intention of the testatrix that the gift to the “ issue ” of Lucy S. Fabre be limited to her son Henry S. Fabre, the only child of said life beneficiary; that distribution of the remainder of the trust was intended to be made per stirpes to said issue; and that the said Henry S. Fabre is entitled to payment of such remainder. The will is so construed.
Settle decree on notice.