S. Samuel Di Falco, S.
This is a proceeding for a construction of the will. Petitioner is a grandson of testator and a remainderman of the last of four trusts created under article Fourth of the will.
The will was executed and testator died many years prior to the enactment of section 47-a of the Decedent Estate Law so that the common-law rule applies. The provision in question reads as follows:
“ I give and bequeath to Charles T. Duncldee, aforesaid, all the residue of my estate, real and personal, but in trust nevertheless, to be held, managed and disposed of as follows, viz.: He shall divide said residue of my estate into four equal parts, keep the same invested in good, sound, dividend paying securities, and apply so much of the income thereof as may be necessary to the support and education of my children Blanch Jane Butler, Ethel Cole Butler, Maud Duncklee Butler and John G. Butler, Junior, during their minority, but with this *431 proviso, that as soon as each one of my daughters arrive at the age of twenty one years, said trustee shall pay over to such one so arriving at the age of twenty-one years the net income semi-annually thereafter of one of said equal fourth parts of my said estate during her life, and upon her death shall pay over the principal thereof to her issue, if any, but if she shall die leaving no issue living at the time of her death, then said one fourth part of my estate shall be added to the portions of my estate held in trust for the benefit of my other children then living, an equal amount thereof to each portion. Should any of my said children die before arriving at the age of twenty one years, said residue shall be held in trust as aforesaid for the benefit of the survivors of them, and administered as above provided, only the number of parts into which said residue shall be divided shall be equal to the number of children then living.
“ When my son John G. Butler, Junior, shall be twenty one years of age, said trustee shall pay to him out of one of the portions of said residue of my estate the sum of five thousand dollars, and he shall pay the income of the remainder of such portion semi annually to my said son until he reaches the age of twenty five years when he shall pay to my said son the sum of ten thousand dollars, and he shall pay the income of the remainder of said portion to my said son semiannually until he reaches the age of thirty years when all the remainder of such portion shall be paid over to him. Should my said son die before reaching the age of thirty years, leaving issue, said trustee shall pay over to such issue all of said portion or part of said trust estate then remaining in his hands; but should my said son die leaving no issue, then said part of said trust estate, or any unexpended portion thereof shall be added to the portions held in trust by said trustee for the benefit of my other children then living, an equal amount thereof to each portion.
“ Should all of my said children die before arriving at the age of twenty one years, leaving no issue living at the time of their respective deaths, then said trustee shall pay over all said trust estate to the children of my brother James S. Butler, and the children of my sister Betsey Jane Brown, or their heirs, in equal shares per stirpes.”
Three of the trusts have terminated and the remainders distributed in accordance with the provisions of the will. The only trust remaining is that for the life benefit of Ethel Cole Butler, daughter of testator, who is still living. She is 76 years of age and six of her issue still survive, namely, petitioner, her son and two of his children, and a daughter a half sister of petitioner and her two children. The question at issue is as to *432 whether on the death of the life tenant the remainder should he distributed per stirpes or per capita.
The court in its discretion and for the reasons advanced by the petitioner will construe the will at this time.
Petitioner urges that distribution should be per stirpes, and the corporate successor trustee also submits that the testator intended such distribution. The special guardian, on behalf of an infant remainderman, one of the children of petitioner, contends that distribution should be per capita, as does the adult child of petitioner.
All parties agree that the common-law rule is applicable, namely, that a testamentary provision providing for the gift of the remainder to issue raises a presumption in favor of a per capita distribution (Soper v. Brown, 136 N. Y. 244). However, it has been consistently held that the presumption must yield to a very faint glimpse of a different intention (Matter of Good, 304 N. Y. 110; Central Hanover Bank & Trust Co. v. Pell, 268 N. Y. 354; New York Life Ins. & Trust Co. v. Winthrop, 237 N. Y. 93; Matter of Farmers’ Loan & Trust Co., 213 N. Y. 168; Ferrer v. Pyne, 81 N. Y. 281; Matter of Rothschild, 11 Misc 2d 817; Matter of Rees, 10 Misc 2d 993).
In the instant case the court finds from a reading of the entire will, and a comparison with similar language in the cases cited, that there is present more than the “ faint glimpse ” necessary to overcome the presumption of a per capita distribution and that testator clearly intended that distribution should be per stirpes. He obviously intended equality of distribution through his children (Matter of Durant, 231 N. Y. 41; Matter of Union Trust Co., 170 App. Div. 176, affd. 220 N. Y. 657). The court, therefore, holds that upon the death of the life tenant the remainder of the trust should be distributed to her issue per stirpes. (Matter of Rees, supra; Matter of Findlay, 173 N. Y. S. 2d 830; Matter of Eagan, 110 N. Y. S. 2d 438.)
Respondent trustee urges that since the construction prayed for at this time by petitioner is for his benefit any costs or allowances should be charged against his interest in the trust. This does not appear to be objected to by petitioner. The special guardian concurs with respondent except prays that his compensation should be charged against the trust. The court in its discretion directs that the expenses of the proceeding including any allowances be charged to the petitioner’s interest, if any, in the trust and that the compensation of the special guardian be charged generally to the trust.